PEOPLE *v.* VITALI.

CRIMINAL LAW—MURDER IN SECOND DEGREE—PUNISHMENT—IN-
DETERMINATE SENTENCE LAW—CONSTRUCTION.
> The indeterminate sentence law (Act No. 184, Pub. Acts 1905)
> is to be construed as amendatory and in harmony with the
> existing criminal statute; and, where respondent, under sec-
> tion 11471, 3 Comp. Laws, was convicted of the crime of mur-
> der in the second degree and sentenced to imprisonment for
> life, the sentence was not invalid under the indeterminate
> sentence law, the court in its discretion having imposed a
> life sentence could not fix a maximum and minimum term.

Error to recorder's court of Detroit; Connolly, J. Sub-
mitted February 11, 1909. (Docket No. 148.) Decided
April 24, 1909.

Andrea Vitali was convicted of the crime of murder in
the second degree, and sentenced to imprisonment for life
in the State prison at Jackson. Affirmed.

*Joseph T. Schiappacasse,* for appellant.

*John E. Bird,* Attorney General, *George S. Law,*
Assistant Attorney General, *Philip T. Van Zile,* Prose-
cuting Attorney, and *Fred H. Aldrich,* Assistant Prose-
cuting Attorney, for the people.

McALVAY, J. Respondent was informed against in
the recorder's court for the city of Detroit for the murder
of Pauli Sacrona. He was duly tried and found by the
jury guilty of murder in the second degree. He was later
sentenced by the court to be committed to the State prison
at Jackson for life.

Respondent was tried, convicted, and sentenced under
section 11471, 3 Comp. Laws, which reads:

"All other kinds of murder shall be deemed murder of the second degree, and shall be punished by imprisonment in the State prison for life, or any term of years, in the discretion of the court trying the same."

Error is assigned upon this sentence as contrary to the provisions of section 3, Act No. 184, Pub. Acts 1905; it being claimed that it is void because it is a sentence for life, and it does not fix a maximum and minimum term of imprisonment.

The act is known as the "Indeterminate Sentence Law." Section 1 provides that hereafter any person convicted of crime committed after this law takes effect, for which the punishment prescribed by law may be imprisonment in certain prisons named, "the court imposing sentence shall not fix a definite term of imprisonment, but shall fix a minimum term of imprisonment which shall not be less than six months in any case," and that the maximum penalty fixed by law shall in all cases be the maximum sentence except as herein provided, and shall be stated at the time of sentence, and the judge shall recommend at the time of sentence what, in his judgment, would be the proper maximum penalty, not exceeding the statutory limit in any case. Section 2 provides that the maximum term can in no case exceed the statutory limit, and that the minimum term fixed shall not exceed one-half of the maximum term fixed by statute.

The only question raised in the case involves the construction of section 3 of this act, which provides as follows:

"SEC. 3. The provisions of this act shall not apply to any person convicted of an offense the only punishment for which prescribed by law is imprisonment in one of the penal institutions named for life: *Provided*, That in all cases where the maximum sentence, in the discretion of the court, may be for life or any number of years, the court imposing sentence shall fix both the minimum and maximum sentence. The minimum term of imprisonment thus fixed by the court shall not exceed one-half of the maximum term so fixed."

This section by its terms refers to the provision of the preceding sections, which we have stated for the purpose of consideration in arriving at the legislative intent in construing section 3.   If the contention of respondent is correct, that a life sentence under section 11471, 3 Comp. Laws, cannot be imposed, then section 3 of the indeterminate sentence law repeals the provision authorizing imprisonment for life contained in this section, and all other sections which authorize a sentence for life, or any term of years.

This court has already held: That the act of 1903, which the act under consideration repealed and superseded, was not intended to repeal any of the criminal statutes; that it was evidently intended and should be regarded rather as an amendment to the criminal statutes. *In re Lambrecht*, 137 Mich. 450.   An examination of our statutes discloses that the construction of respondent would repeal the extreme penalty of a similar punishment provided for by statutes for 13 distinct felonies, and would operate as a release of all so sentenced for crimes committed since this law went into effect.   It cannot be presumed that the legislature in this enactment entertained any such intent.   This statute is susceptible of another and a reasonable construction.   As was intimated in *Re Lambrecht*, supra, it was intended to be construed in harmony with the existing criminal statutes.   It is apparent from the first paragraph that the legislature did not intend to interfere with statutes which provided only life imprisonment as a punishment, and the indication is that in the disputed paragraph the same intent continued wherever imprisonment for life is provided, and that the section refers to sentences where the statute provided imprisonment for life or any term of years and a sentence of imprisonment for a term of years had been imposed.   There could be no minimum sentence in case the life sentence were given.   Following the reasoning in the decisions of this court already given, and giving a construction to this section which will not be mischievous or absurd,

we can say that this statute should be interpreted as if it read: Provided, that in all cases where the maximum sentence in the discretion of the court may be for life or any number of years, the court having in its discretion imposed a sentence for a term of years shall fix both the maximum and minimum sentences.

This statute having repealed no criminal statute, the discretion remained in the court before which this case was tried to sentence respondent for life or any term of years, and the court in the exercise of that discretion sentenced respondent to prison for the term of his natural life. No error was committed.

The judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.