PEOPLE v LINCOLN

Docket No. 94839. Submitted June 4, 1987, at Lansing. Decided December 1, 1987.

Raymond Lincoln was convicted on his plea of guilty of armed robbery, assault with intent to rob while armed, possession of a firearm during the commission of a felony, and a charge of being an habitual offender, and was sentenced to concurrent prison terms of five to thirty years as an habitual offender on the robbery and assault convictions and a consecutive two-year term for felony-firearm, Oakland Circuit Court, Frederick C. Ziem, J. Defendant appealed, claiming that he is entitled to disciplinary credits pursuant to MCL 800.33; MSA 28.1403 despite the habitual offender statute's requirement that habitual offenders must serve the minimum sentence imposed prior to being eligible for parole.

The Court of Appeals *held:*

The Legislature enacted the habitual offender statutes to deter repeat offenders by augmenting their sentences. To allow disciplinary credits to an habitual offender would defeat that purpose. Accordingly, the object of the habitual offender statutes is best effected by requiring the defendant to serve the minimum sentence imposed by the sentencing judge.

Affirmed.

CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS — DISCIPLINARY CREDITS.

A defendant who is convicted as an habitual offender must serve the minimum prison sentence imposed by the trial court prior to being eligible for disciplinary credits (MCL 769.12, 800.33; MSA 28.1084, 28.1403).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,*

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 1 *et seq;* Penal Correctional Institution, §§ 228 *et seq.*

See also the annotations in the Index to Annotations under Habitual Criminals and Subsequent Offenders.

Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Divison, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Joseph H. Hemming,* for defendant on appeal.

Before: D. F. Walsh, P.J., and Cynar and R. L. Tahvonen,* JJ.

Per Curiam. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, assault with intent to rob while armed, MCL 750.89; MSA 28.284, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He also pled guilty to being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant was sentenced to five to thirty years in prison as an habitual offender on the robbery and assault convictions. In addition, he was sentenced to a consecutive two-year sentence for the felony-firearm conviction.

Defendant raises one issue on appeal. He claims that he is entitled to disciplinary credits pursuant to MCL 800.33; MSA 28.1403 despite the habitual offender statute's requirement that habitual offenders must serve the minimum sentence imposed by the sentencing judge prior to being eligible for parole. MCL 769.12; MSA 28.1084. Defendant argues that the two statutes are in conflict and that, under accepted rules of construction, the conflict must be resolved in his favor. *People v Bergevin,* 406 Mich 307; 279 NW2d 528 (1979).

Defendant's argument is without merit. The Legislature enacted the habitual offender statutes to deter repeat offenders by augmenting their sentences. *People v Curry,* 142 Mich App 724; 371

---

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 854 (1985). To allow disciplinary credits to an habitual offender would defeat the purpose of the legislation. Significantly, MCL 750.2; MSA 28.192 preempts the common-law rule that a penal statute is to be strictly construed in favor of a defendant and provides that the provisions of the penal code "shall be construed according to the fair import of their terms, to promote justice and to effect the objects of the law." Accordingly, we conclude that the object of the habitual offender statutes is best effected by requiring the defendant to serve the minimum sentence imposed by the sentencing judge.

Affirmed.