PEOPLE v KELLY

Docket Nos. 160106, 160962, 162750. Submitted June 7, 1995, at
    Grand Rapids. Decided August 22, 1995, at 9:05 A.M. Leave to
    appeal sought.

Chester L. Kelly was convicted following a jury trial in the
    Genesee Circuit Court, Robert M. Ransom, J., of one count of
    first-degree criminal sexual conduct and one count of breaking
    and entering an occupied dwelling with the intent to commit a
    felony. He was sentenced, after the court sua sponte made a
    sentencing correction, to concurrent terms of sixty to one
    hundred years and twenty to thirty years for the respective
    convictions. He appealed (Docket No. 160106). In an unrelated
    case, the defendant was convicted following a jury trial in the
    Genesee Circuit Court, Donald R. Freeman, J., of one count of
    first-degree criminal sexual conduct and one count of breaking
    and entering an occupied dwelling with the intent to commit a
    felony. He was sentenced to concurrent terms of sixty-five to
    one hundred years and twenty to thirty years for the respective
    convictions. He appealed (Docket No. 162750). In yet another
    unrelated case, the defendant was convicted following a jury
    trial in the Genesee Circuit Court, Donald R. Freeman, J., of
    two counts of first-degree criminal sexual conduct and one
    count of breaking and entering an occupied dwelling. He was
    sentenced to concurrent terms of sixty to ninety years for each
    criminal sexual conduct conviction and twenty to thirty years
    for the breaking and entering conviction. He appealed (Docket
    No. 160692). In each case the defendant's sentence was en-
    hanced because he was a third-offense habitual offender. The
    appeals were consolidated.

The Court of Appeals held:

1. In each case, the defendant's allegations of error with
    respect to his convictions either were waived or are without
    merit. The convictions are affirmed.

2. In Docket No. 160106, where originally the trial court
    sentenced the defendant to 37½ to 75 years' imprisonment for

REFERENCES

Am Jur 2d, Criminal Law § 535; Rape § 115.

See ALR Index under Rape; Sentence and Punishment.

the criminal sexual conduct conviction and to life imprisonment for the breaking and entering conviction, the court properly determined that the sentence for the breaking and entering conviction was illegal. However, the court erred in resentencing the defendant sua sponte with regard to the criminal sexual conduct conviction, because the sentence for that conviction was not illegal or otherwise invalid and was not tied to the sentence for the breaking and entering conviction. Once a valid sentence was ordered, the trial court did not have jurisdiction to upset that sentence. The sixty- to one-hundred-year sentence for the criminal sexual conduct conviction is vacated and the original 37½- to 75-year sentence is reinstated. The sentence for the breaking and entering conviction, which the defendant did not challenge, is affirmed.

3. The Court of Appeals is not required to resentence the defendant because his indeterminate sentences are effectively a life sentence without parole. The Supreme Court has overruled its previous holding to the contrary. The proportionality standard is the appropriate standard by which to judge the legality of such sentences. The sentences of sixty to one hundred years in Docket No. 160962 were appropriate and are affirmed. The sentence in Docket No. 162750 for the criminal sexual conduct conviction is proportionate and is affirmed.

Convictions affirmed, sentences affirmed in part and vacated in part.

1. CRIMINAL LAW — SENTENCES — RESENTENCING.

Once a valid sentence has been ordered by a trial court, the court is without jurisdiction to upset that sentence (MCR 6.429[A]).

2. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — SENTENCES —
INDETERMINATE SENTENCES — PROPORTIONALITY.

A defendant convicted of first-degree criminal sexual conduct may be sentenced to an indeterminate sentence of imprisonment with a minimum sentence that in all likelihood exceeds the defendant's expected life span even though the sentence effectively is a life term without parole; the proportionality standard is the appropriate standard by which to judge the legality of such a sentence (MCL 750.520b; MSA 28.788[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Arthur A. Busch,* Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, Chief Appeals, Research, and Training, for the people.

State Appellate Defender (by *Randy E. David-son*), and Chester L. Kelly, in propria persona.

Before: NEFF, P.J., and HOEKSTRA and G. SCHNELZ,* JJ.

NEFF, P.J. Defendant's appeals in three unrelated cases have been consolidated. In Docket Nos. 160106 and 162750, defendant was convicted by separate juries of one count of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and breaking and entering with the intent to commit a felony in an occupied dwelling, MCL 750.110; MSA 28.305. In each case, defendant pleaded guilty of being a third-offense habitual offender. MCL 769.11; MSA 28.1083. In Docket No. 160962, defendant was convicted by a jury of two counts of first-degree criminal sexual conduct and one count of breaking and entering an occupied dwelling. Defendant pleaded guilty of being a third-offense habitual offender in this case as well.

In Docket No. 160106, defendant was sentenced, after a correction by the sentencing court sua sponte, to concurrent terms of sixty to one hundred years for the criminal sexual conduct conviction and twenty to thirty years for the breaking and entering conviction. In Docket No. 160692, defendant was sentenced to concurrent terms of sixty to ninety years for each criminal sexual conduct conviction and twenty to thirty years for the breaking and entering conviction. In Docket No. 162750, defendant was sentenced to sixty-five to one hundred years for the criminal sexual conduct conviction and to a concurrent twenty- to thirty-year term for the breaking and entering conviction. All of the sentences were enhanced because of his habitual offender status.

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant appeals as of right from his convictions and sentences. We affirm defendant's convictions. With regard to the sentences, we affirm in part and vacate in part.

I

In all three cases, defendant raises various issues he claims require his convictions to be reversed. We have carefully reviewed the records of defendant's jury trials and are convinced that defendant's allegations of error with respect to his convictions either were waived or are meritless.

II

Defendant also claims errors were made in sentencing, arguing that the sentencing courts improperly imposed indeterminate sentences that amount to nonparolable life sentences. We disagree.

A

Before addressing defendant's substantive argument, we examine defendant's "corrected" sentence in Docket No. 160106 where the trial court first sentenced defendant to 37½ to 75 years' imprisonment for the criminal sexual conduct conviction and to life imprisonment for the breaking and entering conviction. The court properly determined that the life sentence for breaking and entering was illegal. The court then sua sponte resentenced defendant on both the criminal sexual conduct and the breaking and entering convictions. The original criminal sexual conduct sentence was not illegal or otherwise invalid, nor was it tied to the illegal breaking and entering sentence.

The trial court erred in vacating defendant's valid sentence of 37½ to 75 years for the criminal sexual conduct conviction. Once a valid sentence has been ordered by a trial court, the court is without jurisdiction to upset that sentence. MCR 6.429(A); *In re Dana Jenkins,* 438 Mich 364; 475 NW2d 279 (1991). Accordingly, defendant's sixty- to one-hundred-year sentence for the criminal sexual conduct conviction is vacated and his 37½- to 75-year sentence is reinstated.[1]

**B**

Next, we examine defendant's two concurrent sixty- to one hundred-year sentences in Docket No. 160962, which defendant argues are impermissible, nonparolable life sentences. We affirm those sentences.

In *People v Weaver (After Remand),* 192 Mich App 231; 480 NW2d 607 (1991), this Court found a sentence that left the defendant ineligible for parole until his early nineties to be appropriate.

Here, defendant was thirty-four years old at the time of sentencing. Considering good-time credits, defendant will be eligible for parole at an earlier age than the defendant in *Weaver.* Thus, we affirm defendant's sentences.[2]

**C**

In Docket No. 162750, defendant again argues that the trial court erred in imposing a nonparolable life sentence when it sentenced him to a minimum sentence of sixty-five years for the criminal

---

[1] Because there has been no challenge on appeal to defendant's twenty- to thirty-year sentence for the breaking and entering conviction, that sentence stands.

[2] Our analysis in section II c, *infra,* would lead us to the same result.

sexual conduct conviction. We disagree with defendant.

The difference between defendant's sentence in this case and his sentence in Docket No. 160962 is the following statement made by the trial court when sentencing defendant:

> I do believe that you should be sentenced to a length of time that you will never have any freedom within our civilized society. You do not belong there. And I don't want you in civilized society.

In *People v McAlister,* 203 Mich App 495, 506; 513 NW2d 431 (1994), this Court held that the defendant must be resentenced where "the trial court explicitly intended defendant's sentence of a term of years to be a life sentence from which no release would be possible."

On the basis of *McAlister* it would appear that, because the trial court intended defendant's sentence to be a life sentence from which no release would be possible, we must order defendant to be resentenced. However, the holding in *McAlister* is premised on the holding of *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989), which was squarely, if not explicitly, rejected in *People v Merriweather,* 447 Mich 799; 527 NW2d 460 (1994). Because *Moore* has been rejected by subsequent Supreme Court authority, we are not constrained to grant defendant's request for resentencing on the basis of *McAlister.*

1.

In *Moore, supra,* our Supreme Court held that if a court chooses to impose a term of years rather than life imprisonment, the sentence must be one the defendant has a reasonable prospect of actu-

ally serving. See also *People v Rushlow*, 437 Mich 149, 152; 468 NW2d 487 (1991). Under *Moore* and *Rushlow*, an indeterminate sentence is invalid if it has the effect of keeping a defendant in prison for life because it precludes parole consideration.

Justice BOYLE, joined by Justice GRIFFIN and Chief Justice RILEY, dissented from the holding in *Moore*, finding no error in the defendant's 100- to 200-year sentence. The dissent concluded that the issue was not whether a defendant can serve a sentence, but whether a court has the legislative authority to impose the sentence. *Id.* at 330.

The dissent examined the relevant statutes and determined that the statutory words "life, or any term of years," needed no interpretation. On the basis of this conclusion, the dissent determined that the majority's conclusion that a "term of years" penalty must be less than "life" was erroneous. *Id.* at 338.

The dissent also determined that the legislative intent behind "Proposal B" supported their conclusion. See MCL 791.233b; MSA 28.2303(3). They reasoned that if a life sentence was more severe than a term of years sentence, not only must the term of years sentence be less than life, but it must also grant the opportunity for parole in the same manner as a life sentence; a result that is directly contrary to the mandate of Proposal B that a defendant serve the minimum sentence of a term of years sentence. *Moore, supra* at 339.

2

In *Merriweather, supra*, the Court was faced with the same issue as that in *Moore*, i.e., whether the trial court erred in sentencing the defendant to a sixty-year minimum term because that sentence denied him the opportunity for parole. Jus-

tice Boyle wrote for the majority in *Merriweather,* and, employing reasoning very similar to that of her dissent in *Moore,*[3] upheld the defendant's sentence.

Without explicitly mentioning or overruling *Moore,* the majority in *Merriweather, supra* at 809, determined that "the fact that the defendant is not eligible for parole appears to be precisely what the Legislature intended." The majority reasoned that the sentence was appropriate because it was within the permissible range for first-degree criminal sexual conduct, i.e. life or any term of years, and it was indeterminate, it called for a 60- to 120-year term of imprisonment.

The majority, in conclusion, made the following statement:

> Assuming arguendo, "the only possible rationale for sentencing the defendant . . . was to effectively prevent the Parole Board from assuming jurisdiction," that is the precise result the electorate sought and obtained in the passage of Proposal B. [*Id.* at 810-811. Citation omitted.]

3

The issue in *Moore* and *Merriweather* was the same; the reasoning of the dissent in *Moore* and the majority in *Merriweather* was congruent; and, the same three justices who dissented in *Moore* were joined by a fourth justice to constitute the majority in *Merriweather.* We conclude from this that the holding of *Moore* is overruled by *Merriweather.*

We hold that we are no longer constrained to

[3] Justice BOYLE's majority opinion was joined by the two justices who signed on to her dissent in *Moore,* Justices RILEY and GRIFFIN, and by Justice MALLETT.

resentence a defendant because his indeterminate sentence is effectively a life term without parole, and therefore conclude that the proportionality standard of *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), is the appropriate standard by which to judge the legality of a defendant's sentence. We find this to be a more reasonable approach to sentence review because the proportionality standard does not require the judiciary to engage in the hopelessly speculative exercise required by *Moore* of determining how long a particular inmate will live. See *Weaver, supra.* Rather, all that is important is whether the penalty fits the offense and the offender, *Milbourn, supra* at 650, a determination that lends itself to objective evaluation and review.

4

Here, we have no trouble in concluding that defendant's penalty fits him and his offense. At approximately 10:00 P.M., defendant broke into the victim's home as she was watching television with her two children, two and four years old respectively, and her mother. Defendant forced the victim and her family into a back bedroom where he tied their hands behind their backs with bed sheets. He then, after informing the victim that he would kill her, raped her by penetrating her with his penis both anally and orally. After defendant completed the rape, he stole two rings from the residence and then left.[4]

Defendant's past record indicates that, despite repeated incarceration and counseling, he has continually engaged in sexually assaultive behavior since the age of twelve.

On the basis of the facts of this case, we are not

---

[4] The facts of defendant's other cases are similarly repugnant.

persuaded that defendant's sentence violates the principal of proportionality. Consistent with our Supreme Court's opinion in *Merriweather, supra,* we find no abuse of discretion in the sentencing court's goal of keeping defendant away from society for the rest of his life. Accordingly, we affirm defendant's sentence.

### III

In conclusion, we affirm defendant's convictions in all of these appeals.

With regard to defendant's sentences, in Docket No. 160106, we vacate defendant's sixty- to one-hundred-year sentence and reinstate his 37½- to 75-year sentence. We affirm his sentence in all other respects.

In Docket No. 160962, we affirm defendant's sentences of sixty to one hundred years in prison. We do so both on the basis of *Weaver, supra,* and on the basis that the rule in *Moore, supra,* is overruled.

In Docket No. 162750, we conclude that the rule of proportionality applies because the rule in *Moore, supra,* is overruled by the Court's opinion in *Merriweather, supra.* We find that defendant's sentence does not violate the principal of proportionality, and thus we affirm defendant's sentence.

Convictions affirmed, sentences affirmed in part and vacated in part.