PEOPLE v LOVE (AFTER REMAND)

Docket No. 150889. Submitted September 6, 1995, at Detroit. Decided
November 17, 1995, at 9:00 A.M. Leave to appeal sought.

Robert Love, Jr., was convicted by a jury in the Genesee Circuit
Court, Thomas C. Yeotis, J., of first-degree criminal sexual
conduct, kidnapping, armed robbery, and being a third-offense
habitual offender. He was sentenced to concurrent terms of
sixty to ninety years' imprisonment for the criminal sexual
conduct and the kidnapping convictions and twenty to thirty
years' imprisonment for the armed robbery conviction. He
appealed, and the Court of Appeals, Hood, P.J., and Weaver
and Marilyn Kelly, JJ., affirmed the convictions and the
sentence for the armed robbery conviction, but reversed the
sentences for the criminal sexual conduct and kidnapping
convictions and remanded for resentencing in light of *People v
Milbourn,* 435 Mich 630 (1990). Unpublished opinion per cu-
riam of the Court of Appeals, issued May 1, 1991 (Docket No.
111749). On remand, the trial court again sentenced the defend-
ant to concurrent terms of sixty to ninety years' imprisonment
for the criminal sexual conduct and the kidnapping convictions.
The defendant appealed.

After remand, the Court of Appeals *held:*

1. Prior convictions obtained in violation of the right to
counsel cannot be considered in determining punishment for
another offense. A defendant who collaterally challenges a
prior conviction bears the initial burden of establishing that
the conviction was obtained without counsel or a proper waiver
of counsel. A defendant can satisfy this burden in one of two
ways. First, the defendant can present prima facie proof, such
as a docket entry or a transcript showing the absence of
counsel. Second, the defendant can present evidence that the
records were requested from the sentencing court and that the
court either failed to reply to the request or refused to furnish
copies of the records within a reasonable time. Once either
approach is satisfied, a hearing will be convened at which the

REFERENCES

Am Jur 2d, Criminal Law §§ 598, 599.
See ALR Index under Sentence and Punishment.

burden will be on the prosecutor to establish the constitutional validity of the prior conviction.

2. Here, both a probate court and a federal district court responded to the defendant's request for verification concerning whether he had been represented by counsel at the prior challenged proceedings in those courts by stating that no records existed. The defendant failed to meet his initial burden of establishing that his prior convictions were invalid because he did not establish that the sentencing courts either failed to reply or refused to furnish the records that were requested.

3. The defendant's self-serving averment in an affidavit that he was not represented by counsel and did not waive counsel at the prior contested conviction proceedings is not the equivalent of the prima facie proof required to be presented by the defendant. The defendant failed to satisfy his initial burden of showing that the circuit court erred in relying on the challenged prior convictions.

4. The evidence supports the trial court's scoring of Offense Variable 2.

5. The defendant's sentences were proportionate and do not exceed his life expectancy. The imposition of the sentences was not an abuse of discretion and the sentences were not cruel or unusual.

Affirmed.

1. CRIMINAL LAW — SENTENCES — PRIOR CONVICTIONS — REPRESENTATION BY COUNSEL.

Prior convictions obtained in violation of a defendant's right to counsel may not be considered in determining the defendant's punishment for another offense.

2. CRIMINAL LAW — SENTENCES — PRIOR CONVICTIONS — REPRESENTATION BY COUNSEL.

A defendant who collaterally challenges a prior conviction as being obtained without counsel bears the initial burden of establishing that the conviction was obtained without counsel or a proper waiver of counsel; a defendant can satisfy the initial burden in one of two ways: first, the defendant can present prima facie proof such as a docket entry or a transcript showing the absence of counsel or, second, the defendant can present evidence that the records were requested from the sentencing court and that the court either failed to reply to the request or refused to furnish copies of the records within a reasonable time; once either approach is satisfied, the prosecutor has the burden of establishing the constitutional validity

of the prior conviction; a self-serving affidavit by the defendant is not the equivalent of the prima facie proof required.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, and *Donald A. Kuebler*, Chief, Appeals, Research, and Training.

State Appellate Defender (by *F. Michael Schuck*), for the defendant on appeal.

AFTER REMAND

Before: SMOLENSKI, P.J., and CORRIGAN and R. M. RANSOM,* JJ.

SMOLENSKI, P.J. Defendant was convicted by a jury of first-degree criminal sexual conduct, MCL 750.520b(1)(d); MSA 28.788(2)(1)(d), kidnapping, MCL 750.349; MSA 28.581, armed robbery, MCL 750.529; MSA 28.797, and being a third-offense habitual offender, MCL 769.11; MSA 28.1083. Defendant was sentenced to concurrent terms of sixty to ninety years' imprisonment for both the criminal sexual conduct conviction and the kidnapping conviction, and twenty to thirty years' imprisonment for the armed robbery conviction. On appeal, this Court, HOOD, P.J., and WEAVER and MARILYN KELLY, JJ., affirmed defendant's convictions and the sentence for the armed robbery conviction, but reversed the sentences for the criminal sexual conduct and kidnapping convictions and remanded for resentencing in light of *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Unpublished opinion per curiam of the Court of Appeals, issued May 1, 1991 (Docket No. 111749).

On remand, the trial court sentenced defendant

* Circuit judge, sitting on the Court of Appeals by assignment.

at an August 1991 resentencing proceeding to concurrent terms of sixty to ninety years' imprisonment for both the criminal sexual conduct and kidnapping convictions. Defendant appeals as of right from these sentences. We affirm.

During the pendency of this appeal, this Court granted defendant's motion to remand for a hearing to challenge the validity of a number of prior juvenile convictions, as well as an adult misdemeanor and felony conviction. On remand, defendant moved for resentencing on the ground that these prior convictions had been obtained in violation of his right to counsel and that the court had improperly considered the allegedly invalid convictions at his August 1991 resentencing. Following a May 1995 hearing regarding this issue, the trial court denied defendant's motion.

Defendant argues that the trial court erred in denying his motion for resentencing and that this case should be remanded for resentencing before a different judge.

Prior convictions obtained in violation of the right to counsel cannot be considered in determining punishment for another offense. *People v Moore,* 391 Mich 426, 436-438; 216 NW2d 770 (1974). A defendant who collaterally challenges a prior conviction bears the initial burden of establishing that the conviction was obtained without counsel or a proper waiver of counsel. *People v Carpentier,* 446 Mich 19, 31; 521 NW2d 195 (1994), citing *Moore, supra* at 440. A defendant can satisfy this initial burden in one of two ways. First, the defendant can present " 'prima facie proof . . . such as a docket entry showing the absence of counsel or a transcript evidencing the same.' " *Carpentier, supra* at 31, quoting *Moore, supra* at 440-441. Second, a defendant can present evidence that he "requested such records from the sentenc-

ing court and that the court either (a) failed to reply to the request, or (b) refused to furnish copies of the records, within a reasonable time." *Carpentier, supra* at 31, citing *Moore, supra* at 441. Once either approach is satisfied, a hearing will be convened at which " 'the burden [would] then be upon the prosecutor to establish the constitutional validity of the prior conviction.' " *Carpentier, supra* at 31, quoting *Moore, supra* at 441.

In this case, the record reveals that defendant had requested from a probate court and a federal district court verification concerning whether he had been represented by counsel at the prior challenged conviction proceedings. Both courts replied that no records existed. Defendant suggests on appeal that where no records exist, the very existence of these convictions is in doubt. We disagree. At both prior sentencing proceedings in this case, the challenged convictions were noted on defendant's presentence investigation report and defendant did not contest the existence or use of the convictions. See *Carpentier, supra* at 25-26.

Moreover, defendant has not met his initial burden of establishing that these convictions were invalid "insofar as he has not established that the sentencing court either 'failed to reply' or 'refused to furnish' the records that were requested." *Carpentier, supra* at 34-35.

However, defendant argues that the averment in his affidavit that "I was not represented by counsel and did not waive counsel" at the prior contested conviction proceedings constitutes the requisite prima facie proof sufficient to satisfy his initial burden. Defendant further argues that, accordingly, he is entitled to resentencing because the prosecution failed to carry its burden below of establishing the constitutional validity of the prior convictions. We disagree.

In *Carpentier* at 31-32, our Supreme Court stated:

> Today we reaffirm that *Moore* articulates the proper procedures to be followed where a defendant collaterally challenges a prior conviction for lack of counsel or a proper waiver of counsel. In so affirming, however, we note that in the years since *Moore,* various interpretations of its prerequisites for . . . relief have evolved to erode its fundamental premise that collateral challenges implicate extraordinary remedies and, accordingly, that the initial burden of proof must in fact rest with a defendant. Because we believe that our decision in *Moore* has been frequently misunderstood and misapplied by the lower courts, we now take this opportunity to review and reaffirm its mandates.

Thus, we believe that defendant's self-serving affidavit is not the equivalent of the prima facie proof required by *Moore* and *Carpentier,* i.e., a " 'docket entry showing the absence of counsel or a transcript evidencing the same,' " *Carpentier, supra* at 31, quoting *Moore, supra* at 440-441, or a presentence investigation report containing a notation that a prior conviction was obtained without counsel, *People v Alexander (After Remand),* 207 Mich App 227, 230; 523 NW2d 653 (1994); see also *Carpentier, supra* at 59 (RILEY, J., concurring) (Self-serving testimony does not overcome the court's finding that all was in normal customary proper order.). Accordingly, we conclude that defendant is not entitled to another resentencing because he failed to satisfy his initial burden of showing that the circuit court erred in relying on the challenged convictions at his August 1991 resentencing proceeding. *Carpentier, supra.*

The record evidence supports the trial court's scoring of Offense Variable 2 (physical attack and/

or injury) at twenty-five points (bodily injury and/ or subjected to terrorism). *People v Johnson,* 202 Mich App 281, 288-289; 508 NW2d 509 (1993).

Defendant's sentences of sixty to ninety years' imprisonment were less severe punishments than terms of parolable life imprisonment. *People v Lino (After Remand),* 213 Mich App 89; 539 NW2d 545 (1995).

Defendant's sentences do not exceed his life expectancy. A defendant has a reasonable prospect of living into his early nineties. *People v Martinez (After Remand),* 210 Mich App 199, 203; 532 NW2d 863 (1995). In this case, defendant was thirty-two years old when the sixty-year minimum sentences were imposed at the August 1991 resentencing, and he received sentencing credit of 1,329 days (approximately 3.64 years). We find no error.

Defendant's sixty- to ninety-year sentences, which exceeded the sentencing guidelines ranges of 120 to 300 months for the kidnapping conviction and 180 to 360 months or life for the criminal sexual conduct conviction, were proportionate to the circumstances surrounding this offense and offender. *Milbourn, supra* at 651, 661, n 29; see also *People v Cervantes,* 448 Mich 620, 631-634; 532 NW2d 831 (1995) (CAVANAGH, J.). The sentencing guidelines do not apply to habitual offenders. *Id.* at 625 (RILEY, J.), 630 (CAVANAGH, J.). The interplay between the guidelines and the habitual offender statutes does not create a mathematical formula for review of an habitual offender's sentence. *Id.* at 626 (RILEY, J.), 630 (CAVANAGH, J.).

In this case, the trial court relied on the following circumstances in sentencing defendant: (1) that defendant's crimes were egregious and emotionally devastating to the victim; (2) that defendant had a twenty-year criminal history; (3) that defendant

had received misconducts while in prison for these offenses; (4) that defendant had been on parole for only a short time for a previous first-degree criminal sexual conduct conviction when the instant offenses occurred; (5) that it believed defendant could not be rehabilitated; and (6) that society needed protection from defendant. We find no abuse of discretion. *Cervantes, supra* at 626-628 (RILEY, J.), 630, 635-636 (CAVANAGH, J.); *People v Austin,* 209 Mich App 564, 571; 531 NW2d 811 (1995). Because defendant's sentences are not disproportionate, they are therefore not cruel or unusual. *People v Williams (After Remand),* 198 Mich App 537, 543; 499 NW2d 404 (1993).

Affirmed.