PEOPLE v CARSON

Docket No. 159501. Submitted December 12, 1995, at Lansing. Decided
   December 27, 1996, at 9:20 A.M. Leave to appeal sought.
      David A. Carson was found guilty by a jury in the Clinton Circuit
      Court, Randy L. Tahvonen, J., of assault with intent to rob while
      armed and assault with intent to commit great bodily harm less
      than murder and, subsequently, pleaded guilty of being an habitual
      offender, second offense. The defendant was sentenced to prison
      terms of parolable life for the conviction of assault with intent to
      rob and ten to fifteen years for the conviction of assault with intent
      to commit great bodily harm less than murder. The defendant
      appealed. The Court of Appeals, in an opinion by TAYLOR, J., in
      which J. P. NOECKER, J., concurred, affirmed the defendant's convic-
      tions and his sentence for assault with intent to commit great bod-
      ily harm less than murder, but remanded for resentencing for the
      conviction of assault with intent to rob, indicating the remand and
      resentencing were mandated by the holding in *People v Lino (After
      Remand)*, 213 Mich App 89 (1995), and expressing the belief that
      *Lino*, while binding, was not correctly decided. 217 Mich App 801
      (1996). JANSEN, P.J., concurred in part and dissented in part, believ-
      ing that *Lino* was correctly decided. The Court of Appeals, sitting
      en banc, issued an order invoking the conflict resolution procedure
      of Administrative Order No. 1996-4 and vacating the prior *Carson*
      opinion. 217 Mich App 801 (1996).
         Following consideration by the special panel convened pursuant
      to Administrative Order No. 1996-4, the Court of Appeals *held*:
         1. The conflict in this case is resolved in favor of the position
      stated in Judge TAYLOR's prior opinion in this case that *Lino* was
      incorrect in concluding that a parolable life sentence is invariably a
      greater penalty than a sentence of a term of years. Under certain
      circumstances, a parolable life sentence will result in a shorter
      period of incarceration than a sentence for a term of years.
      Because numerous factors interplay in determining whether a
      parolable life sentence will result in a shorter period of incarcera-
      tion than a sentence for a term of years, and at the time of sentenc-
      ing the effect of some of those factors would be mere speculation,
      a trial court, in fashioning a proportional sentence, need not deter-
      mine which type of sentence would be the most severe under the

circumstances, but rather must merely be cognizant of the applicable sentencing law.

2. The trial court did not abuse its discretion in imposing a parolable life sentence in this case.

3. The remaining issues raised by the defendant are without merit.

Affirmed.

GRIFFIN, J., concurring, wrote separately to express disagreement with the need to discuss whether any portion of the decision of and analysis in *People v Moore*, 432 Mich 311 (1989), remains valid following the decision in *People v Merriweather*, 447 Mich 779 (1994).

1. CRIMINAL LAW — SENTENCES — PAROLABLE LIFE SENTENCES — INDETERMINATE SENTENCES.

A parolable life sentence is not always a greater penalty than an indeterminate sentence for a term of years.

2. CRIMINAL LAW — SENTENCES — PROPORTIONAL SENTENCES.

A court in fashioning a proportional sentence need not determine what sentence would constitute the absolute greatest punishment under some theoretical spectrum of sentencing severity; rather, it must only be cognizant of the applicable sentencing law; statistics should not be used in determining whether a given sentence is more severe than another sentence.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Charles D. Sherman*, Prosecuting Attorney, for the people.

State Appellate Defender (by *Amy Neville*), for the defendant on appeal.

Before: HOOD, P.J., and GRIBBS, MCDONALD, GRIFFIN, REILLY, FITZGERALD, and SMOLENSKI, JJ.

SMOLENSKI, J. This panel was convened pursuant to Administrative Order No. 1996-4 to resolve a conflict between the opinion previously issued in this case[1]

---

[1] The opinion, as well as the order vacating the opinion and convening this conflict resolution panel, are found at 217 Mich App 801 (1996) (hereinafter referred to as *Carson I*).

and the opinion in *People v Lino (After Remand)*, 213
Mich App 89; 539 NW2d 545 (1995).

Defendant was convicted by a jury of assault with
intent to rob while armed, MCL 750.89; MSA 28.284,
and assault with intent to do great bodily harm less
than murder, MCL 750.84; MSA 28.279. Defendant
thereafter pleaded guilty of being a second-offense
habitual offender, MCL 769.10; MSA 28.1082. Defend-
ant was sentenced as an habitual offender for the
respective underlying convictions to concurrent terms
of parolable life imprisonment and ten to fifteen
years' imprisonment.

Defendant appealed, raising several issues concern-
ing his convictions and sentence of parolable life
imprisonment. In particular, defendant argued before
the initial panel in this case that his sentence of
parolable life imprisonment was disproportionate. To
support his argument that a sentence of parolable life
"is just that, life," defendant cited statistics indicating
that few prisoners sentenced to parolable life are
actually paroled. Defendant contended that a sen-
tence of parolable life was thus "designed to punish
the worst offender for the worst offense" where it
was "clearly the longest possible sentence" that could
be imposed for the assault with intent to rob convic-
tion. Defendant argued that his sentence of parolable
life was, accordingly, disproportionate because he
was not the most serious offender, nor was his
offense the most serious offense.

The initial panel in this case concluded that defend-
ant's sentence of parolable life imprisonment was pro-
portionate.[2] In so concluding, the initial panel fol-

---

[2] *Carson I, supra* at 805.

lowed the statement by our Supreme Court in *People v Merriweather*, 447 Mich 799, 809; 527 NW2d 460 (1994),[3] that the defendant in that case might have been better off with a sentence of parolable life, which would have brought the defendant under the jurisdiction of the Parole Board after serving ten years pursuant to the lifer law,[4] rather than the sentence of 60 to 120 years' imprisonment that had been imposed, which effectively denied the defendant parole eligibility because he would have to serve the minimum term less disciplinary credits before becoming eligible for parole pursuant to the legislation[5] implementing Proposal B.[6] However, the initial panel in this case was constrained under Administrative Order No. 1994-4 to follow *Lino, supra,* and *People v Love (After Remand)*, 214 Mich App 296; 542 NW2d 374 (1995).[7] In *Lino, supra* at 98, this Court held that a sentence of parolable life is greater punishment than a sentence of a lengthy term of years. In so holding, the panel in *Lino, supra* at 96, quoted the following statement by our Supreme Court in *People v Timothy Moore*, 432 Mich 311, 317; 439 NW2d 684 (1989): " 'On its face, the stated penalty for second-degree murder ("life, or any term of years") indicates that a term of years is a lesser penalty than life.' " The

---

[3] *Carson I, supra* at 805.

[4] A defendant sentenced to parolable life for an offense committed on or after October 1, 1992, is not subject to the jurisdiction of the Parole Board until the defendant has served fifteen years. MCL 791.234; MSA 28.2304. In this case, defendant committed his offenses before October 1, 1992.

[5] MCL 791.233b; MSA 28.2303(3).

[6] Proposal B was an "[i]nitiated law of 1978, approved at the general election of November 7, 1978." *People v Timothy Moore*, 432 Mich 311, 322, n 16; 439 NW2d 384 (1989).

[7] *Carson I, supra.*

panel in *Lino, supra* at 97-98, also cited statistical analyses indicating that prisoners serving parolable life are, in reality, rarely paroled. In *Love, supra* at 302, this Court relied on *Lino* to hold that the defendant's sentences of sixty to ninety years' imprisonment were less severe punishments than parolable life imprisonment. The initial panel in this case thus held that defendant's sentence of parolable life was disproportionate where, under *Lino* and *Love*, it was required to consider a sentence of parolable life as even more severe than a sentence of sixty to ninety years' imprisonment.[8]

Thus, the issue we are asked to resolve is whether a sentence of parolable life imprisonment is a greater punishment than an indeterminate sentence of a long term of years. We first note that in his supplemental brief to this panel, defendant's proportionality argument has taken on a somewhat different twist than his argument to the initial panel. Defendant reiterates his position that life means life. In support of his position, defendant cites the legal hurdles contained in the lifer law that a prisoner who has served ten years of a sentence of parolable life faces before the prisoner may be released on parole, including a Parole Board interview, a public hearing, and the lack of an objection to parole by the sentencing judge or the judge's successor.[9] Defendant also cites statistics indicating that prisoners sentenced to parolable life are, in reality, rarely paroled. In a section of his brief titled "Comparing Apples to Oranges," defendant then compares a sentence of parolable life and its atten-

---

[8] *Carson I, supra.*

[9] See n 4, *supra.*

dant parole considerations to a long indeterminate sentence and its attendant parole considerations, noting: (1) that a prisoner sentenced to a term of years for an offense subject to Proposal B must serve the minimum term of the sentence less disciplinary credits before becoming eligible for parole;[10] (2) that an habitual offender sentenced to a term of years must serve the minimum term of the sentence without entitlement to disciplinary credits before becoming eligible for parole;[11] and (3) that no judicial veto to parole exists in the case of a prisoner sentenced to a term of years.[12] Defendant ultimately concludes that "it cannot logically be disputed that where a 40 to 60 year sentence is proportionate a life sentence would also be proportionate." Defendant thus contends to this panel that his sentence of parolable life is disproportionate because it is *"one* of the longest possible sentences which could be imposed for this offense" (emphasis supplied).

We begin our analysis by ascertaining, apart from *Lino,* the present state of the law concerning the question whether parolable life constitutes a greater punishment than a term of years. As more than adequately discussed in both *Lino* and the prior opinion in this case, this Court has previously reached conflicting results concerning whether a sentence of parolable life is a more severe punishment than a sentence of a term of years.[13] We decline to again review these opinions, but instead refer those interested to

---

[10] See n 5, *supra.*

[11] MCL 769.12; MSA 28.1084; *People v Lincoln,* 167 Mich App 429, 430; 423 NW2d 216 (1987).

[12] See ns 4, 5, and 11, *supra.*

[13] *Lino, supra* at 95; *Carson I, supra* at 802-803.

*Lino* and the previous opinion in this case. Suffice it to say that some panels have held that, as a matter of law, a sentence of parolable life is a greater punishment than a sentence of a term of years. See *People v Oscar Moore*, 164 Mich App 378, 390; 417 NW2d 508 (1987), modified 433 Mich 851 (1989); *People v McNeal*, 156 Mich App 379, 381; 401 NW2d 650 (1986); *People v Lindsey*, 139 Mich App 412, 415; 362 NW2d 304 (1984). Conversely, in *People v Hurst (After Remand)*, 169 Mich App 160, 168; 425 NW2d 752 (1988), this Court concluded that a sentence of parolable life was a "better alternative" than a sentence of forty to eighty years' imprisonment in light of the interplay between the lifer law and Proposal B.

In *Timothy Moore, supra* at 329, our Supreme Court held:

> For the reasons stated earlier in this opinion, we hold that a "term of years" must be an indeterminate sentence less than life. It must be something that is reasonably possible for a defendant actually to serve.

The starting point for the Court's analysis was the following statement: "On its face, the stated penalty for second-degree murder ('life, or any term of years') indicates that a term of years is a lesser penalty than life." *Id.* at 317. The Court concluded that "[t]hus there are two types of sentences that a judge may impose upon a person convicted of second-degree murder—a sentence of life in prison, or a sentence of a term of years less than life." *Id.* at 319. The basis for the Supreme Court's statement and conclusion in *Timothy Moore* was contained in its quotation of this Court's opinion in *Oscar Moore*:

"In [*People v Johnson*, 421 Mich 494, 497-498; 364 NW2d 654 (1984)], the Supreme Court wrote:

" 'The difference between a life sentence and an indeterminate sentence having a minimum and maximum term has been recognized by this Court since our decision in *People v Vitali*, 156 Mich 370; 120 NW 1003 (1909). We observed in *Vitali* that if a life sentence is imposed there can be no minimum term.'

" 'Accordingly, when a statute authorizes the imposition of a sentence of "life or any term of years" it allows the imposition of a fixed sentence—life—or an indeterminate sentence—any number of years. We observed in *People v Blythe*, 417 Mich 430, 434-435; 339 NW2d 399 (1983), that the Legislature viewed the phrase "life or any term of years" as descriptive of the maximum sentence only. The sentence concepts "life" and "any term of years" are mutually exclusive and a sentencing judge may (in the appropriate case) opt for either but not both.'

"If 'life' and 'any term of years' are mutually exclusive concepts, the Court's statement that the latter allows imposition of 'any number of years' must mean 'any number of years *less than* life.' " [*Timothy Moore, supra* at 318, quoting *Oscar Moore, supra* at 390 (emphasis in original).]

The Supreme Court explicitly distinguished this Court's opinion in *Hurst* as follows:

In [*Hurst, supra*], the Court of Appeals concluded that, under present law, one is better off receiving a life sentence than a term of from 40 to 80 years in prison. Though our opinion today necessarily supports that conclusion, we otherwise offer no comment on that conclusion of *Hurst*, except to observe that it is for the Legislature to correct real and perceived inconsistencies in statutory sentencing law. [*Timothy Moore, supra* at 317, n 11.]

As explained in *O'Dess v Grand Trunk W R Co*, 218 Mich App 694, 699; 555 NW2d 261 (1996), quoting *In re Cox Estate*, 383 Mich 108, 117; 174 NW2d 558

(1970), which in turn quoted *Chase v American Cartage Co, Inc*, 176 Wis 235, 238; 186 NW 598 (1922):

> ' "When a court of last resort intentionally takes up, discusses and decides a question *germane* to, though not necessarily decisive of, the controversy, such decision is not *dictum* but is a judicial act of the court which it will thereafter recognize as a binding decision.' " [Emphasis in original.]

Thus, it would appear that the statement and conclusion that was the starting point for our Supreme Court's analysis in *Timothy Moore* (that the statutory phrase "any term of years" indicates that a term of years is a lesser penalty than parolable life) is binding on this Court.

In proceeding through its analysis, the Supreme Court in *Timothy Moore, supra* at 326, concluded that the trial court had abused its discretion in imposing a sentence (a term of one hundred to two hundred years' imprisonment) that effectively foreclosed any future exercise of discretion by the Parole Board, having previously concluded:

> The Legislature has stated that persons convicted of second-degree murder are to be given either a sentence of life in prison or a term of years. For the reasons explained above, a term of years is an indeterminate sentence less than life. The Legislature has provided that persons sentenced to life or to a term of years are eligible for parole consideration in ten years. The people of this state, in enacting Proposal B effectively modified the lifer law to provide that a person sentenced to a term of years for an offense listed in Proposal B would not become eligible for parole until the minimum term was served. Neither the Legislature nor the people, however, have authorized the imposition of a nonparolable term of years. There is no indica-

tion that either the Legislature or the people intended such
a drastic change in sentencing law. [*Id.* at 323.]

In *Merriweather, supra,* at 808, the defendant contended that his sentence of 60 to 120 years' imprisonment for a conviction of first-degree criminal sexual conduct constituted an abuse of discretion because it denied him any chance of parole. Without citation to or discussion of *Timothy Moore,* a majority of our Supreme Court disagreed:

> Assuming arguendo, "the only possible rationale for sentencing the defendant . . . was to effectively prevent the parole board from assuming jurisdiction," *post* at 812, that is the precise result the electorate sought and obtained in the passage of Proposal B. The dissent's assumption that it was unlawful for the trial court to exercise his [sic] authority to obtain the objective the law intended simply reveals the dissenters' belief that, despite the Legislature's provision for such sentences, trial courts should not be allowed to impose them under any circumstances. [*Merriweather, supra* at 810-811.]

In so holding, the Court noted that the defendant's sentence satisfied every legislative requirement, i.e., it fell within the permissible range of sentences for defendants convicted of first-degree criminal sexual conduct, it was indeterminate, and "the fact that the defendant is not eligible for parole appears to be precisely what the Legislature intended" under Proposal B. *Id.* at 809. Unlike in its opinion in *Timothy Moore,* the *Merriweather* Court explicitly commented concerning whether a sentence of parolable life or a term of years would be a better alternative for a defendant:

> The fact that it is paradoxical that the defendant might be better off with a sentence of life, which would make him eligible for parole, has nothing to do with a legislative inten-

tion that every prisoner should be eligible for parole. The Legislature has not seen fit to interfere with the voters' directive that a defendant should not be parole eligible until completion of the minimum term. The paradox is the creature of this Court's decision in [*Johnson, supra*], which held that a sentence of life imprisonment for murder was not a minimum sentence. [*Merriweather, supra* at 809-810.]

To further complicate the analysis, this Court, in *People v Kelly*, 213 Mich App 8, 14-15; 539 NW2d 538 (1995), held that *Merriweather* overruled the holding in *Timothy Moore* that a sentence for a term of years is invalid if it has the effect of keeping the defendant in prison for life because it precludes parole consideration. We are bound by the rule of law established in *Kelly* pursuant to Administrative Order No. 1996-4. However, an overruled proposition in a case is no reason to ignore all other holdings in the case. *Michigan Millers Mutual Ins Co v Bronson Plating Co*, 197 Mich App 482, 491; 496 NW2d 373 (1992), aff'd 445 Mich 558; 519 NW2d 864 (1994). Thus, the question arises whether *Merriweather* also overruled the statement in *Timothy Moore* that "the stated penalty . . . ('life, or any term of years') indicates that a term of years is a lesser penalty than life," where this statement was the theoretical underpinning of the holding in *Timothy Moore* that a sentence of a term of years is invalid if it is not one the defendant can reasonably serve.

We need not decide this question. Even assuming for the purpose of this analysis that *Merriweather* did not overrule this aspect of *Timothy Moore*, we nevertheless conclude that *Timothy Moore* and *Merriweather* can be harmonized. When the phrase "life, or any term of years" is considered on its face, the plain

statutory language indicates that life is a greater penalty than a term of years.[14] *Timothy Moore, supra;* see also *Oscar Moore, supra; McNeal, supra; Lindsey, supra.* However, unlike in its opinion in *Timothy Moore,* our Supreme Court in *Merriweather* explicitly acknowledged that a defendant might be better off with a sentence of parolable life than a long term of years in light of the interplay between the lifer law and Proposal B. We believe this reasoning extends by analogy to an habitual offender sentence. Thus, in light of *Merriweather,* we cannot conclude that a sentence of parolable life is invariably a greater penalty than a sentence of a term of years. We conclude that

---

[14] The second-offense habitual offender statute under which defendant was sentenced in this case provides in relevant part as follows:

(1) If a person has been convicted of a felony, an attempt to commit a felony, or both, . . . and that person commits a subsequent felony within this state, the person shall be punished upon conviction as follows:

\* \* \*

(b) If the subsequent felony is punishable upon a first conviction by imprisonment for life, then the court . . . may . . . sentence the person to imprisonment for life or for a *lesser* term.

\* \* \*

(2) If the court pursuant to this section imposes a sentence of imprisonment for *any* term of years, the court shall fix the length of both the minimum and maximum sentence within any specified limits in terms of years or fraction thereof and the sentence so imposed shall be considered an indeterminate sentence. [MCL 769.10(1)(b) and (2); MSA 28.1082(1)(b) and (2) (emphasis added).]

In construing similar language in the fourth-offense habitual offender statute, MCL 769.12; MSA 28.1084, our Supreme Court in *Timothy Moore, supra* at 319, n 13, stated that this statute "can fairly be read to employ interchangeably the phrase 'a lesser term' and the phrase 'any term of years.' "

*Lino* erred in so holding, and we overrule that holding.[15]

When is a sentence of parolable life a greater penalty than a sentence of a term of years? Some comparisons will demonstrate the difficulty in answering such a question. As indicated previously, under the lifer law, a defendant sentenced to parolable life is subject to the jurisdiction of the Parole Board in either ten years, or, for crimes committed on or after October 1, 1992, fifteen years, and may be released on parole subject to the conditions, among others, that the defendant be interviewed by a Parole Board member, that a public hearing be held, and that the sentencing judge or his successor fails to object to the prisoner being paroled.[16]

A defendant sentenced to a term of years either for an offense subject to Proposal B or under the second-offense habitual offender statute is not eligible for parole until the defendant has served the minimum sentence.[17] A defendant sentenced for an offense subject to Proposal B is entitled to disciplinary credits, but a defendant sentenced as an habitual offender is not entitled to disciplinary credits.[18] Under *Merriweather, supra* at 810-811, a sentence of a term of years is not invalid simply because it is so lengthy that parole eligibility is precluded and the sentence is effectively a life sentence without parole. See also *Kelly, supra* at 16.

---

[15] As the author of this Court's opinion in *Love, supra,* I simply note that this issue has been properly resolved through this Court's conflict resolution procedure.

[16] See n 4, *supra.*

[17] See ns 5 and 11, *supra.*

[18] See ns 5 and 11, *supra.*

Thus, under the lifer law, a twenty-year-old defendant sentenced to parolable life is subject to the jurisdiction of the Parole Board and may be released on parole at age thirty or thirty-five, depending on when the offense was committed. Conversely, the same defendant sentenced either for a Proposal B offense or as an habitual offender to a term of thirty to sixty years' imprisonment would not be eligible for parole until age fifty (less disciplinary credits in the case of the defendant sentenced for a Proposal B offense). The same defendant sentenced to a term of sixty to ninety years' imprisonment would not become eligible for parole until age eighty. Likewise, the same defendant sentenced to parolable life might never be paroled if, for instance, the sentencing judge objects.

A fifty-five-year-old defendant sentenced to parolable life is subject to the jurisdiction of the Parole Board and may be released on parole at age sixty-five or seventy, depending on when the offense was committed. Conversely, the same defendant sentenced either for a Proposal B offense or as an habitual offender to a term of thirty to sixty years' imprisonment would not be eligible for parole until age eighty-five. The same defendant sentenced to a term of sixty to ninety years' imprisonment would almost certainly never become eligible for parole. Likewise, the same defendant sentenced to parolable life might never be paroled if, for instance, the sentencing judge objects.

The analysis becomes even murkier when statistics are utilized to determine whether parolable life or a term of years is a greater punishment. In *Lino, supra* at 97-98, this Court cited the following statistics:

> [F]rom 1986 through 1990, only seven prisoners serving parolable life sentences were paroled. Of the 975 prisoners

serving such a term in 1990, only two were paroled. Defend-ant Sentencing Book (1994 ed), p 95. In 1991, only one prisoner serving a parolable life term was paroled. In 1992, again only one prisoner serving a parolable term was paroled. During the last ten years, fifty prisoners serving parolable life sentences were actually paroled and the releases took place after the prisoners served an average of between 15½ to 19½ years. Dagher-Margosian, *Life means life: parole rarely granted on nonmandatory life terms*, 73 Michigan B J 1184-1185 (1994).

However, in this Court's previous opinion in this case, the initial panel cited statistics indicating that thirty paroles were granted from 1979 to 1981, and that twelve prisoners serving parolable life were paroled in 1994.[19] In his supplemental brief to this Court, defendant notes that "in 1995 only 3 lifers were paroled."

The preceding discussion illustrates the difficulty in determining whether, and at what point, a sentence of parolable life is a more severe sentence than a sentence of a term of years. The obvious question then arises: Why must we make this determination? "The sentence concepts 'life' and 'any term of years' are mutually exclusive . . . ." *Johnson, supra* at 498. In light of the various factors involved, we could speculate endlessly in the case of a given defendant concerning whether a sentence of parolable life would constitute a more severe penalty than a sentence of a term of years. However, such speculation could never be fruitful because, as acknowledged by defendant in his supplemental brief, attempting to compare a sentence of parolable life to a lengthy term of years is akin to the proverbial comparison of apples to

---

[19] *Carson I, supra* at 805.

oranges. To require sentencing courts to engage in
this sort of speculation would be beyond burden-
some.

Accordingly, we decline to determine when, and
under what circumstances, a sentence of parolable
life is a greater penalty than a sentence of a lengthy
term of years. Obviously, a sentence of parolable life
is one of the most severe sentences a defendant may
receive. Likewise, a sentence of a lengthy term of
years that may prevent the Parole Board from assum-
ing jurisdiction, thus effectively constituting a life
term without parole, is one of the most severe
sentences a defendant may receive. However, in fash-
ioning a proportional sentence, a trial court need not
determine what sentence would constitute the abso-
lute greatest punishment under some theoretical
spectrum of sentencing severity. Rather, we require
only that in imposing a proportional sentence the sen-
tencing court is cognizant of the applicable sentenc-
ing law. We specifically disapprove of the use of sta-
tistics in determining whether a given sentence is
more severe than another sentence.

We now turn to a review of the proportionality of
defendant's sentence of parolable life in this case. We
do so without reference to the sentencing guidelines.
*People v Zinn*, 217 Mich App 340, 349; 551 NW2d 704
(1996). Defendant's sentence was one the most severe
penalties that could be imposed for his offense. How-
ever, as detailed in the previous opinion in this case,[20]
as well as indicated by defendant's presentence
investigation report, the circumstances surrounding

---

[20] *Carson I, supra* at 801 (TAYLOR, J., with J. P. NOECKER, J., concurring),
808-809 (Jansen, P.J., concurring in part and dissenting in part).

defendant and his offense are most serious. In imposing a sentence of parolable life, the trial court properly considered the factors of societal protection, rehabilitation, deterrence, and punishment. In exercising its discretion, the court concluded that society needed protection from defendant for a long time in light of defendant's ongoing criminal history and his malicious and gratuitous stabbing of the victim. We find no abuse of that discretion. *Zinn, supra.*

Finally, we have considered the other issues raised by defendant and agree with and adopt the findings of the previously issued and vacated opinion in this case.

Defendant's convictions and sentences are affirmed.

HOOD, P.J., and GRIBBS, MCDONALD, and FITZGERALD, JJ., concurred.

GRIFFIN, J. (*concurring*). I concur in the result. I write separately to express my disagreement with a portion of the majority's analysis. Because this Court in *People v Kelly*, 213 Mich App 8; 539 NW2d 538 (1995), held that *People v Merriweather*, 447 Mich 799; 527 NW2d 460 (1994), overruled *People v Moore*, 432 Mich 311; 439 NW2d 684 (1989), I find the majority's reliance on dicta contained in *Moore* to be misplaced. Because *Moore* has been overruled, neither its holding nor its dicta is binding on this Court. In my view, the statements and conclusions upon which the holding in *Moore* was premised were dicta. See, generally, *Roberts v Auto-Owners Ins Co*, 422 Mich 594, 597-598; 374 NW2d 905 (1985), and *People v Case*, 220 Mich 379, 382-383; 190 NW 289 (1922). Further, I find incongruous the majority's assumption that the under-

lying conclusions and statements of *Moore* may survive the overruling of the decision.

Accordingly, I would discard *Moore* in its entirety and not attempt to reconcile any portion of it with the current state of the law. In all other respects, I concur and join in the majority opinion.

Reilly, J., concurred.