PEOPLE v WEATHERHOLT

Docket No. 161292. Submitted November 2, 1994, at Grand Rapids. Decided December 12, 1995, at 9:00 A.M.

Jon T. Weatherholt was convicted by a jury in the Grand Traverse Circuit Court, Philip E. Rodgers, Jr., J., of operating a motor vehicle while under the influence of intoxicating liquor (OUIL). The information provided notice that the defendant was being charged as a repeat offender, and the prosecution informed the defendant that an enhanced sentence would be sought on conviction. The defendant argued that the issue whether he had prior OUIL convictions should be submitted to the jury. The court disagreed, holding that it was the court's function pursuant to MCL 257.625(12); MSA 9.2325(12) to make the determination regarding prior convictions, and, thereafter, on the basis of certifications of the defendant's prior convictions submitted by the prosecution, sentenced the defendant to an enhanced sentence in accordance with MCL 257.625(6)(d); MSA 9.2325(6)(d) as a third offender. The defendant appealed. The Court of Appeals, MURPHY, P.J., and GRIFFIN and W. A. CRANE, JJ., applied the holding of *People v Fish,* 207 Mich App 486 (1994), as required by Administrative Order No. 1994-4, despite expressing disagreement with that holding, and concluded that while the conviction should be affirmed, the conviction should be modified to a first-offense conviction of OUIL and the case should be remanded to the trial court for resentencing. That opinion was vacated, and a special panel was ordered convened pursuant to Administrative Order No. 1994-4 to resolve the conflict between this case and *Fish.* 209 Mich App 801 (1995).

In an opinion by Judge MARILYN KELLY, joined by Chief Judge DOCTOROFF and Judges McDONALD, CORRIGAN, BANDSTRA, MARKMAN, and O'CONNELL, the Court of Appeals *held:*

Subsections 11 and 12 of § 625 of the Michigan Vehicle Code, MCL 257.625(11),(12); MSA 9.2325(11),(12), as added by 1991 PA 98, by indicating that they are applicable where a prosecutor is

REFERENCES

Am Jur 2d, Criminal Law §§ 598, 599.

See ALR Index under Driving While Intoxicated; Sentence and Punishment.

seeking "an enhanced sentence" and by providing that a defendant's prior convictions "shall be established at sentencing," evidence that the Legislature intended to create a means of sentence enhancement rather than create separate substantive crimes. Accordingly, because a sentence enhancement scheme was established, the defendant was not entitled to a jury trial of the issue of his prior convictions.

    Affirmed.

AUTOMOBILES — DRUNK DRIVING — SENTENCING — PRIOR CONVICTIONS.

    The determination of the existence of prior convictions of a defendant charged with operating a motor vehicle under the influence of intoxicating liquor has been, since January 1, 1992, a question for the court at sentencing rather than for the trier of fact at trial (1991 PA 98, MCL 257.625[11],[12]; MSA 9.2325[11],[12]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis M. LaBelle,* Prosecuting Attorney, and *Alan R. Schneider,* Chief Assistant Prosecuting Attorney, for the people.

*Brott, Kipley, Grunst & Settles, P.C.* (by *David M. Kipley*), for the defendant.

Amicus Curiae:

*Donald Martin, John D. O'Hair,* and *Timothy A. Baughman,* for the Prosecuting Attorneys Association of Michigan.

Before: DOCTOROFF, C.J., and MCDONALD, MARILYN KELLY, CORRIGAN, BANDSTRA, MARKMAN, and O'CONNELL, JJ.

MARILYN KELLY, J. Pursuant to Administrative Order No. 1994-4, this panel was convened to resolve a conflict between the appellate opinion

previously issued in this case[1] and the opinion in *People v Fish (On Remand)*, 207 Mich App 486; 525 NW2d 467 (1994). In both cases, the defendant faced sentence enhancement for multiple OUIL convictions. The issue is whether the defendant has a right to a jury for the purpose of determining if the prosecution can sustain its burden of proving defendant's prior OUIL convictions. We agree with the initial appellate holding in this case that a jury has no role in determining whether defendant has been convicted of prior drunk driving offenses.

Defendant was found guilty of operating a motor vehicle under the influence of intoxicating liquor (OUIL) and with an unlawful blood alcohol level in excess of 0.10 percent by weight of alcohol, pursuant to § 625(1) of the Motor Vehicle Code, MCL 257.625(1); MSA 9.2325(1). The information provided notice that defendant was being charged as a repeat offender. The prosecution informed defendant that it would seek an enhanced sentence upon conviction.

Following his conviction, defendant argued that the issue of whether he had earlier been convicted of OUIL should be submitted to the jury. The trial court disagreed, found defendant guilty of OUIL-third offense and imposed an enhanced sentence in accordance with MCL 257.625(6)(d); MSA 9.2325(6)(d).[2]

On appeal, a panel of this Court concluded that the trial judge was correct in refusing to submit the issue to the jury. However, the panel was constrained under Administrative Order No. 1994-

[1] The opinion, along with the order vacating it and convening this conflict-resolution panel, are found at 209 Mich App 801 (1995).

[2] Sentencing occurred after the amendment of § 625 by 1991 PA 98, but before the amendments made by 1993 PA 359, 1994 PA 211, 1994 PA 448, and 1994 PA 449. See now subsection 7 of § 625.

4 due to the earlier published decision in *Fish.*
*Fish* held that, before the trial court imposes an
enhanced sentence, the prosecutor must prove all
elements of the offense, including the prior convic-
tions, beyond a reasonable doubt.

On January 1, 1992, Michigan's rewritten drunk
driving laws took effect. Subsections 11 and 12 of
§ 625, MCL 257.625(11) and (12); MSA 9.2325(11)
and (12), established a procedure for the prose-
cutor to seek an enhanced sentence based upon
one or more prior convictions. Subsections 11 and
12 provide:

> (11) If the prosecuting attorney intends to seek
> an enhanced sentence under subsection (6)(b) or (d)
> or (10)(b) or (c) based upon the defendant having 1
> or more prior convictions, the prosecuting attorney
> shall include on the complaint and information
> filed in district court, circuit court, recorder's
> court, municipal court, or probate court a state-
> ment listing the defendant's prior convictions.
> (12) A prior conviction shall be established at
> sentencing by 1 or more of the following:
> (a) An abstract of conviction.
> (b) A copy of the defendant's driving record.
> (c) An admission by the defendant.[3]

We analogize this statute to that involving the
second offender provisions of the Controlled Sub-
stances Act, MCL 333.7413; MSA 14.15(7413). The
sentence enhancement sections of the Controlled
Substances Act do not provide for a trial on the
issue of prior convictions. *People v Eason,* 435
Mich 228, 232; 458 NW2d 17 (1990). Unlike the
Habitual Offender Act which contains require-

---

[3] Subsections 11 and 12 are now subsections 14 and 16. The sub-
stance of the subsections remains unchanged.

ments regarding fact-finding,[4] the sentence enhancement sections of the Controlled Substances Act and the drunk driving laws do not contain such requirements. Therefore, in the words of *Eason,* "due process neither compels a separate charge nor imposes trial-type evidentiary burdens on the sentencing process." *Id.* at 244.

Moreover, subsections 11 and 12 clearly state that they are applicable where the prosecutor is seeking "an enhanced sentence." They also provide that a defendant's prior convictions "shall be established at sentencing." By adding subsections 11 and 12, the Legislature demonstrated that sentence enhancement is the intended thrust of the new statutory provisions. Therefore, we construe the sentence enhancement provisions of the drunk driving statute in a manner consistent with *Eason.*

*Fish* erroneously relied on the Supreme Court's decision in *People v Bewersdorf,*[5] which held that the Legislature intended to allow sentence enhancement of OUIL felonies through application of the habitual offender statute. In *Bewersdorf* the majority stated:

> While the habitual offender act, which is found in the Code of Criminal Procedure, establishes a procedure for enhancing a sentence, it is clear that the OUIL provisions of the Motor Vehicle Code establish crimes. Because OUIL-3 is a separate crime, the prosecutor must prove all elements of the offense, including the prior convictions. [*Id.* at 68.]

We agree with the initial panel in this case that the statement above was merely dicta. Furthermore, the *Bewersdorf* opinion discussed the drunk

---

[4] We are referring to the Habitual Offender Act before its amendment by 1994 PA 110.

[5] 438 Mich 55; 475 NW2d 231 (1991).

driving statute as it existed before its 1991 amendments, relying upon this Court's 1982 decision in *People v Raisanen,* 114 Mich App 840, 846; 319 NW2d 693 (1982). Subsections 11 and 12, added after *Bewersdorf,* are relevant to the issue of whether the statute simply creates a sentence enhancement scheme or whether it establishes a separate substantive crime. Given our finding that subsections 11 and 12 establish only a sentence enhancement scheme, defendant is not entitled to a jury trial on the issue of his prior convictions.

Affirmed.