PEOPLE v ZINN

Docket No. 182911. Submitted May 15, 1996, at Grand Rapids. Decided June 25, 1996, at 9:05 A.M.

Wilbur L. Zinn was convicted by a jury in the Oceana Circuit Court, Anthony A. Monton, J., of assault with a dangerous weapon. At sentencing, the court determined that the defendant, as alleged by the prosecution, was a fourth-offense habitual offender and sentenced the defendant as an habitual offender to four to fifteen years of imprisonment. The defendant appealed.

The Court of Appeals *held*:

1. The defendant's claim that a prior conviction of unlawfully driving away an automobile was obtained in violation of the right to counsel and could not be used as a basis for enhancing the sentence in the present case cannot be reviewed because the defendant failed to carry the initial burden of establishing that the prior conviction was obtained without counsel or a proper waiver of the right to counsel.

2. MCL 769.13; MSA 28.1085, as amended by 1994 PA 110, is not unconstitutional insofar as it eliminated the right of an alleged habitual offender to have a jury determine whether a prior conviction exists and insofar as it provides that the existence of a prior conviction may be established by any evidence, including, but not limited to, a copy of the judgment of conviction, a transcript of a prior trial or a plea-taking or sentencing proceeding, information contained in a presentence report, or a statement of the defendant. Section 13 does not implicate constitutional guarantees of the right to jury trial and the right to proof beyond reasonable doubt because the habitual offender statutes provide for sentence enhancement mechanisms, not substantive crimes.

3. MCL 769.13; MSA 28.1085 satisfies due process requirements that a sentence be based on accurate information and that a defendant have a reasonable opportunity at sentencing to challenge the information.

4. A sentencing court may consider prior convictions over ten years old in determining whether a defendant is an habitual offender. Consideration of such prior convictions does not violate the constitution or the rules of evidence.

5. A Sentencing Information Report must be completed for the underlying offense when a defendant is sentenced as an habitual offender. This requirement serves as an aid in the development of guidelines for habitual offender sentencings, not as an aid to the sentencing court in determining the habitual offender's sentence. This case must be remanded for the completion of a Sentencing Information Report.

6. Claims of ineffective assistance of trial counsel relating to the absence of objections to the use of the prior conviction of unlawfully driving away an automobile and the lack of a presentence report are without merit. The defendant failed to show resultant prejudice with respect to the first claim and failed to show that a different result would have obtained with respect to the second claim.

Conviction and sentence affirmed; case remanded for preparation of a Sentencing Information Report.

1. CRIMINAL LAW — RIGHT TO COUNSEL — COLLATERAL CHALLENGES — BURDEN OF PROOF.

A defendant who challenges the use of a prior conviction for sentence enhancement under the habitual offender statutes on the ground that the prior conviction was obtained in violation of the right to counsel bears the initial burden of establishing by prima facie proof that the conviction was obtained without counsel or without the proper waiver of counsel or that a request for records that would indicate a lack of counsel and proper waiver of counsel was refused by the sentencing court or the court failed to reply to the request.

2. CRIMINAL LAW — HABITUAL OFFENDER STATUTES.

The habitual offender statutes provide for sentence enhancement mechanisms, not substantive crimes, and they do not implicate constitutional guarantees of the right to jury trial and the right to proof beyond reasonable doubt in providing that the existence of prior convictions be determined by the trial court and be established by evidence as provided in the habitual offender statutes (MCL 769.13; MSA 28.1085, as amended by 1994 PA 110).

3. CRIMINAL LAW — HABITUAL OFFENDERS — PRIOR CONVICTIONS.

Consideration of prior convictions that are more than ten years old in determining whether a defendant is an habitual offender does not violate constitutional guarantees or the rules of evidence.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Terry L. Shaw*, Prosecuting

Attorney, and *Michael E. Moody*, Assistant Attorney General, for the people.

*Brott, Kipley, Grunst & Settles, P.C.* (by *David G. Grunst*), for the defendant on appeal.

Before: DOCTOROFF, C.J., and NEFF and FITZGERALD, JJ.

PER CURIAM. Defendant was charged with assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and with being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Following a jury trial, he was convicted of assault with a dangerous weapon, MCL 750.82; MSA 28.277. The trial court, having determined that defendant was a fourth-felony offender, sentenced defendant to a prison term of four to fifteen years. Defendant appeals as of right. We affirm, but remand for preparation of a Sentencing Information Report (SIR).

Defendant first claims that the trial court relied on a constitutionally infirm prior conviction when sentencing him as a fourth-felony offender. Specifically, defendant maintains that the evidence presented at the sentencing hearing failed to indicate that he was represented by counsel or that he validly waived counsel for his 1970 conviction of unlawfully driving away an automobile (UDAA), MCL 750.413; MSA 28.645.

Prior convictions obtained in violation of the right to counsel cannot be considered in determining punishment for another offense. *People v Moore*, 391 Mich 426, 436-438; 216 NW2d 770 (1974); *People v Hannan (After Remand)*, 200 Mich App 123, 128; 504 NW2d 189 (1993). Here, defendant failed to object at

sentencing to the court's reliance on the now-challenged UDAA conviction. However, this Court may nonetheless review defendant's claim because the conviction's alleged defect involves the "unique import of a defendant's constitutional right to counsel." *People v Carpentier*, 446 Mich 19, 29-30; 521 NW2d 195 (1994).

In *Carpentier*, our Supreme Court reaffirmed the "well-established procedure . . . for reviewing collateral challenges alleging *Gideon*[1] violations" first set forth in *Moore, supra*. When making such a challenge, the defendant bears the initial burden of establishing that a prior conviction was obtained without counsel or a proper waiver of counsel. *Carpentier, supra* at 31. A defendant may meet this burden by (1) presenting "prima facie proof that a previous conviction was violative of *Gideon*, such as a docket entry showing the absence of counsel or a transcript evidencing the same," or (2) presenting evidence that the defendant requested such records from the sentencing court and that the court either (a) failed to reply to the request, or (b) refused to furnish copies of the records, within a reasonable time. *Id.* Once a defendant meets this initial burden, a hearing will be convened at which the prosecutor will bear the burden of establishing the constitutional validity of the prior conviction. *Id.*

In the present case, defendant's 1970 UDAA conviction is noted in his presentence report as follows:

> 10/4/70, sentenced November of 1970, two years probation. While on probation went AWOL from the Army several times.

---

[1] *Gideon v Wainwright*, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963).

The above notation fails to suggest whether defendant was represented by counsel or whether he validly waived his right to counsel. Mere silence regarding counsel is not the equivalent of the prima facie proof required by *Moore* and *Carpentier*, or a presentence information report containing a notation that a prior conviction was obtained without the benefit of counsel. *People v Alexander (After Remand)*, 207 Mich App 227, 230; 523 NW2d 653 (1994). Accordingly, we conclude that defendant is not entitled to an evidentiary hearing because he failed to satisfy his initial burden of showing that the trial court erred in relying on the UDAA conviction.

Next, defendant contends that MCL 769.13; MSA 28.1085, as amended by 1994 PA 110, is unconstitutional because it denies several constitutional guarantees, including the right to a trial by jury and the right to be proved guilty beyond a reasonable doubt. Although defendant did not challenge the constitutionality of § 13 at trial, this Court may consider constitutional claims for the first time on appeal. *People v Grant*, 445 Mich 535, 547; 520 NW2d 123 (1994).

Before its amendment in 1994, MCL 769.13; MSA 28.1085 provided a statutory right to a jury trial for those charged with being an habitual offender:

> If, after conviction and either before or after sentence it appears that a person convicted of a felony has previously been convicted of a crime set forth in [MCL 769.10, 769.11, or 769.13; MSA 28.1082, 28.1083, or 28.1085], the prosecuting attorney of the county in which the conviction was had may file a separate or supplemental information in the cause accusing the person of the previous convictions. The court in which the conviction was had shall cause the person to be brought before it and shall inform him of the allegations contained in the information, and of his right to be

tried on the allegations, and require the offender to say whether he is the same person as charged in the information or not. If the offender says he is not the same person, or remains silent, the court shall enter a plea of not guilty, and a jury of 12 jurors shall be impaneled from the petit jurors serving at the then or a following term of court to determine the issues raised by the information and plea.

Effective May 1, 1994, the procedure for enhancing an habitual offender's sentence was dramatically changed. A defendant so charged is no longer entitled to a jury trial. As amended, § 13 provides in pertinent part:

The existence of the defendant's prior conviction or convictions shall be determined by the court, without a jury, at sentencing, or at a separate hearing scheduled for that purpose before sentencing. The existence of a prior conviction may be established by any evidence that is relevant for that purpose, including, but not limited to, 1 or more of the following:

(a) A copy of the judgment of conviction.

(b) A transcript of a prior trial or a plea-taking or sentencing proceeding.

(c) Information contained in a presentence report.

(d) A statement of the defendant.

It is well-settled that in a criminal trial the defendant's conviction must rest on evidence that proves "beyond a reasonable doubt the existence of every fact necessary to constitute the crime charged" and includes the right to a trial by jury. *People v Eason*, 435 Mich 228, 238; 458 NW2d 17 (1990). However, it has long been held that Michigan's habitual offender statutes are merely sentence enhancement mechanisms rather than substantive crimes. *In re Jerry*, 294 Mich 689; 293 NW 909 (1940); *People v Anderson*, 210 Mich App 295; 532 NW2d 918 (1995). In *Eason*,

our Supreme Court upheld the sentence enhancement provision in the controlled substance act, MCL 333.7413; MSA 14.15(7413), which, like the habitual offender statutes, does not provide for a jury trial:

> The [controlled substance act's sentence enhancement provision] is directed to facts which relate to the criminal, not to the crime, and nothing in the act suggests a proceeding other than that comporting with the fundamental due process requirement that a sentence must be based on accurate information and a defendant have a reasonable opportunity at sentencing to challenge such information. [435 Mich 232-233.]

Relying on the analysis in *Eason*, this Court upheld the 1992 amendments of Michigan's drunken driving laws. *People v Weatherholt*, 214 Mich App 507; 543 NW2d 34 (1995). The amendments provided a procedure by which the prosecutor may seek an enhanced sentence on the basis of one or more prior convictions by presenting, at sentencing, an abstract of conviction, a copy of the defendant's driving record, or an admission by the defendant. MCL 257.625(12); MSA 9.2325(12). This Court, in determining that a defendant subject to such enhanced sentences is not entitled to a jury trial or proof of the prior convictions beyond a reasonable doubt, noted the clear legislative intent that the amendments are aimed at sentence enhancement, not establishing a separate substantive offense:

> [S]ubsections 11 and 12 clearly state that they are applicable where the prosecutor is seeking "an enhanced sentence." They also provide that a defendant's prior convictions "shall be established at sentencing." By adding sections 11 and 12, the Legislature demonstrated that sentence

enhancement is the intended thrust of the new statutory provisions. [214 Mich App 511.]

We find that application of the reasoning in *Eason* and *Weatherholt* is warranted in the present case. Section 13 expressly states that the section is applicable where a prosecutor "seek[s] to enhance the sentence of a defendant" as an habitual offender. It eliminates the statutory right to a jury trial as well as the right to have guilt proved beyond a reasonable doubt. This language reaffirms the long-held legislative intent that the habitual offender statutes are merely sentence enhancement mechanisms rather than substantive crimes. Hence, defendant is not entitled to a trial by jury or the right to be proved guilty of being an habitual offender beyond a reasonable doubt.

Defendant also maintains that the 1994 amendment of § 13 is violative of his right against self-incrimination. Specifically, defendant posits that, because a prior conviction may be established by information contained in a presentence report or by a statement by the defendant, the amendments require a defendant to provide self-incriminating information in violation of Const 1963, art 1, § 17. We disagree. Contrary to defendant's suggestion, the amendment of § 13 merely permits, but does not require, a defendant to provide the sentencing court with information regarding his prior criminal convictions.

Defendant next suggests that the 1994 amendment violates the constitutional guarantees of due process because it permits a sentencing court to consider a prior conviction obtained in the absence of counsel or a valid waiver thereof. Again, we disagree. Due process requires that a sentence be based on accurate information and that a defendant have a reasonable

opportunity at sentencing to challenge the information. *Eason, supra* at 233-234. To this end, § 13 provides as follows:

> (4) A defendant who has been given notice that the prosecuting attorney will seek to enhance his or her sentence . . . may challenge the accuracy or constitutional validity of 1 or more of the prior convictions listed in the notice by filing a written motion with the court and by serving a copy of the motion upon the prosecuting attorney in accordance with rules of the Supreme court.
>
> \*     \*     \*
>
> (6) The court shall resolve any challenges to the accuracy or constitutional validity of a prior conviction or convictions that have been raised in a motion filed under subsection (4) at sentencing or at a separate hearing scheduled for that purpose before sentencing. The defendant, or his or her attorney, shall be given an opportunity to deny, explain, or refute any evidence or information pertaining to the defendant's prior conviction or convictions before sentencing is imposed, and shall be permitted to present relevant evidence for that purpose. The defendant shall bear the burden of establishing a prima facie showing that an alleged prior conviction is inaccurate or constitutionally invalid. If the defendant establishes a prima facie showing that information or evidence concerning an alleged prior conviction is inaccurate, the prosecuting attorney shall bear the burden of proving, by a preponderance of the evidence, that the information or evidence is accurate. If the defendant establishes a prima facie showing that an alleged prior conviction is constitutionally invalid, the prosecuting attorney shall bear the burden of proving, by a preponderance of the evidence, that the prior conviction is constitutionally invalid.

Clearly, the challenged amendment sufficiently protects defendants' due process rights to be sentenced on the basis of accurate information, *Eason, supra* at

233-234. See also *People v Williams*, 215 Mich App 234; 544 NW2d 480 (1996).

Defendant's final constitutional challenge to the 1994 amendment is that it allows prior convictions that are more than ten years old to be used to enhance a defendant's sentence. However, defendant fails to identify a constitutional guarantee that is violated by the use of such convictions. Nonetheless, this Court has held that there is "no valid reason why convictions over ten years old . . . may not be used by the trial court in determining a proper sentence." *People v Line*, 145 Mich App 567, 571-572; 378 NW2d 781 (1985). In *Line*, the Court noted that the scope of information to be considered by a sentencing court is necessarily broad and that the rules of evidence do not apply. Accordingly, it is not unconstitutional for a trial court to consider convictions that are over ten years old in determining whether a defendant is an habitual offender.

Defendant next maintains that the trial court failed to complete a written SIR and that, as a result, the trial court imposed a disproportionate sentence. We disagree. Review of habitual offender sentences is limited to considering whether the sentence violates the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), without reference to the guidelines. *People v Gatewood*, 450 Mich 1021 (1996); *People v Gatewood (On Remand)*, 216 Mich App 559; 550 NW2d 265 (1996). In light of the circumstances surrounding the offense and the offender, we conclude that defendant's sentence is not disproportionate and that the trial court did not abuse its discretion in sentencing defendant. *People v Cervantes*, 448 Mich 620; 532 NW2d 831 (1995).

Nonetheless, although the sentencing guidelines do not apply to habitual offenders, the trial court must fill out an SIR for the underlying offense. *People v Derbeck*, 202 Mich App 443, 446; 509 NW2d 534 (1993); Michigan Sentencing Guidelines (2d ed), p 1. "This is done to aid in the development of guidelines for habitual offender sentencings, rather than to aid the sentencing court in determining the habitual offender's sentence." *People v Strickland*, 181 Mich App 344, 346; 448 NW2d 848 (1989). Thus, we remand this matter to the trial court solely for the administrative task of completing a written SIR.

Last, defendant contends that he was denied the effective assistance of counsel at sentencing. Specifically, defendant contends that counsel failed to challenge the sentencing court's use of the 1970 UDAA conviction in determining whether defendant was a fourth-felony offender. However, we have already determined that the sentencing court properly considered the UDAA conviction. Consequently, defendant has failed to show that he was prejudiced by counsel's failure to challenge the use of the UDAA conviction. *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). Defendant also contends that counsel failed to object to the trial court's failure to prepare an SIR. While we agree that counsel should have brought this omission to the sentencing court's attention, defendant must establish more than deficient performance; he must also demonstrate that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v Stanaway*, 446 Mich 643, 687-688; 521 NW2d 557 (1994). Defendant has failed to make such a demonstration. The completion of an SIR in the pres-

ent case is merely an administrative task that has no effect on defendant's sentence as an habitual offender.

Defendant's conviction and sentence are affirmed, and the case is remanded for preparation of an SIR. Jurisdiction is not retained.