PEOPLE v FISH (ON SECOND REMAND)

Docket No. 194868. Submitted May 17, 1996, at Lansing. Decided December 20, 1996, at 9:35 A.M.

Matthew S. Fish was charged in the 52-1 District Court with operating a motor vehicle while under the influence of liquor, third offense, and with driving while his driver's license was suspended. The court, Brian W. MacKenzie, J., reduced the OUIL, third offense, charge to OUIL, second offense, ruling the OUIL, third offense, statute, MCL 257.625(6)(d); MSA 9.2325(6)(d), unconstitutional. The Oakland Circuit Court, Rudy J. Nichols, J., reversed and reinstated the original charge. The Court of Appeals, MURPHY, P.J., and GRIFFIN and NEFF, JJ., denied the defendant leave to appeal in an unpublished order, entered December 10, 1992 (Docket No. 157270). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 442 Mich 936 (1993). On remand, the Court of Appeals affirmed and remanded for further proceedings, finding none of the defendant's challenges to the constitutionality of § 625(6)(d) to have merit. The Court also found that § 625(6)(d) makes OUIL, third offense, a separate offense as opposed to providing sentence enhancement for an OUIL conviction within ten years of two or more prior convictions under § 625(1) or a local ordinance or another state's law substantially corresponding to § 625(1). The Court stated that conviction of OUIL, third offense, requires proof of the prior convictions beyond a reasonable doubt. 207 Mich App 486 (1994). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of *People v Weatherholt*, 214 Mich App 507 (1995). 451 Mich 891 (1996).

On second remand, the Court of Appeals *held*:

This panel is bound by the decision in *Weatherholt*, where a special conflict panel held that conviction of the felony, OUIL, third offense, is a mere sentence enhancement of the underlying OUIL misdemeanor conviction. MCL 257.625(6)(d); MSA 9.2325(6)(d), see now subsection 7 of § 625. The circuit court order reinstating the OUIL, third offense, charge must be affirmed, and this case must be remanded for proceedings consistent with this opinion and *Weatherholt*.

Affirmed and remanded.

AUTOMOBILES — OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF LIQUOR, THIRD OFFENSE — SENTENCING.

Conviction of the felony of operating a motor vehicle while under the influence of liquor, third offense, is a mere sentence enhancement of the underlying OUIL misdemeanor conviction (MCL 257.625[6][d]; MSA 9.2325[6][d], see now subsection 7 of § 625).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Anica Letica*, Assistant Prosecuting Attorney, for the people.

*Raymond & Prokop, P.C.* (by *Stephen M. Ryan*), for the defendant.

Amici Curiae:

*Margaret Chiara, John D. O'Hair*, and *Timothy A. Baughman*, for Prosecuting Attorneys Association of Michigan.

*Robert W. Larin*, for Robert W. Larin.

ON SECOND REMAND

Before: MACKENZIE, P.J., and GRIBBS and WHITE, JJ.

PER CURIAM. This case has been remanded to this Court a second time, with instructions to reconsider our prior opinion in light of *People v Weatherholt*, 214 Mich App 507; 543 NW2d 34 (1995). 451 Mich 891 (1996). The facts and issues are set out in our previous decision, *People v Fish (On Remand)*, 207 Mich App 486; 525 NW2d 467 (1994).

The issues in this case have been resolved by this Court's opinion in *Weatherholt, supra,* where a special conflict panel held that conviction of the felony,

operating a motor vehicle while under the influence of liquor, third offense, is a mere sentence enhancement of the underlying OUIL misdemeanor conviction. MCL 257.625(6)(d); MSA 9.2325(6)(d). See now subsection 7 of § 625. This panel is bound by that decision.

The circuit court order reinstating the OUIL-3 charge is affirmed. This matter is remanded for proceedings consistent with this opinion and *Weatherholt, supra.* We do not retain jurisdiction.