# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LINDA SUE GERMAIN,

        Defendant-Appellant.

UNPUBLISHED
July 16, 2015

No. 321524
Allegan Circuit Court
LC No. 13-018281-FH

Before: SERVITTO, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right her convictions, following a jury trial, of operating a motor vehicle while intoxicated (OWI), third-offense, MCL 257.625(1), and operating a motor vehicle on a suspended license, MCL 257.904(1). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The prosecution offered evidence that on October 11, 2012, defendant drove Michael Loose and Joe Rogers from the Wayland Hotel to the Village Green Apartments in Wayland, Michigan. Defendant testified that she had had three to four beers that night. Upon arriving at her apartment complex, defendant backed into a parked car in the complex parking lot. She got out of her car and ran into her apartment. A tenant of the apartment complex, George Peterson, testified that he saw a woman hit the parked car and told his wife to call the police. He also alerted the owner of the parked car. A police officer arrived shortly thereafter and determined that defendant was the driver. The officer gave defendant field sobriety tests, which she failed. Defendant then had her blood drawn, and her blood alcohol concentration (BAC) was .10 grams per 100 milliliters of blood.

The jury convicted defendant as described above. This appeal followed. On appeal, defendant challenges only the sufficiency of the evidence supporting her OWI conviction.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution produced insufficient evidence to support her conviction for OWI, third-offense. We disagree.

-1-

We review de novo a defendant's challenge to the sufficiency of the evidence. In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. However, we do not interfere with the factfinder's role of determining the weight of the evidence and the credibility of witnesses. It is for the trier of fact, rather than this Court, to determine what inferences can be fairly drawn from the evidence and to determine the weight to be afforded to the inferences. The prosecution need not negate every reasonable theory of innocence, but must only prove its own theory beyond a reasonable doubt "in the face of whatever contradictory evidence the defendant may provide." Circumstantial evidence and the reasonable inferences that arise from that evidence can constitute satisfactory proof of the elements of the crime. We resolve all conflicts in the evidence in favor of the prosecution. [*People v Kosik*, 303 Mich App 146, 150-151; 841 NW2d 906 (2013) (citations omitted).]

The elements of OWI are: (1) the defendant operated a motor vehicle, (2) on a highway or other place open to the general public or generally accessible to motor vehicles, (3) while under the influence of liquor or a controlled substance, or a combination of the two, or with a blood alcohol content of 0.08 grams or more per 100 milliliters of blood. MCL 257.625(1).[1]

Defendant does not argue that her BAC was below .08 on the night in question, or that a motor vehicle was not operated in a place generally accessible to motor vehicles. Rather, her sole contention on appeal is that she was not the driver of the car when it backed into the parked car. However, Loose testified that defendant was driving the vehicle when it hit the parked car. Loose's testimony was supported by Peterson's testimony that a woman was driving the car when it hit the parked car. Moreover, the responding officer testified that the position of the driver side seat was consistent with someone of defendant's height. Therefore, a reasonable juror could infer that defendant was the driver. Defendant's arguments to the contrary invite this Court to weigh the evidence and credibility of witnesses, which is the province of the jury. *People v Ortiz*, 249 Mich App 297, 301; 642 NW2d 417 (2001). The jury heard defendant's challenges to the credibility of the witnesses against her, including the fact that Loose was initially charged with the crime of which defendant was accused and that the charge against Loose was dismissed in exchange for his testimony at defendant's trial. The jury was also provided with defendant's theory that Loose changed his story to implicate defendant as the driver after she had him evicted from her apartment. Nonetheless, the jury found Loose's version of events (as supported by Peterson's and the responding officer's testimony), credible over defendant's. Accordingly, viewing the evidence in a light most favorable to the

---

[1] The "third-offense" designation is not an element of the crime. *People v Weatherholt*, 214 Mich App 507, 512; 543 NW2d 34 (1995).

prosecution, a reasonable juror was warranted in finding beyond that defendant committed the crime of OWI.[2]

Affirmed.

/s/ Deborah A. Servitto
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

---

[2] Although defendant only explicitly challenges the OWI conviction on appeal, her argument that she was not the driver of the car on the night in question would equally apply to her conviction of operating a motor vehicle on a suspended license. To the extent that defendant challenges her suspended-license conviction, we also find that the evidence was sufficient to support defendant's conviction on that charge.