*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
February 21, 2023

v

SCOTT ALLEN LEHMAN,

        Defendant-Appellant.

No. 359481
Roscommon Circuit Court
LC No. 19-008397-FC

Before: JANSEN, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Defendant, Scott Allen Lehman, pleaded no contest to two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b)(*ii*) (sexual penetration; victim at least 13 but less than 16 years of age and related by blood or affinity), and one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f(1). Defendant was sentenced to serve concurrent terms of 14 to 30 years' imprisonment for each CSC-I conviction and 2 to 5 years' imprisonment for the felon-in-possession conviction. Defendant appeals by leave granted.[1] We affirm.

## I. RELEVANT BACKGROUND

Defendant moved for resentencing on September 13, 2021. Defendant argued that the trial court erred by assessing points for prior record variables (PRVs) 1, 2, 5, and 6 because one of defendant's prior convictions—a 2004 conviction of driving while license suspended—was obtained in violation of his right to counsel and therefore could not be used to enhance his sentence. Defendant further argued that because the 2004 conviction could not be considered, the trial court violated the "10-year-gap rule," MCL 777.50, when it considered defendant's 1997 and pre-1997 convictions in scoring the PRVs. The trial court denied defendant's motion, concluding that

---

[1] *People v Lehman*, unpublished order of the Court of Appeals, entered January 13, 2022 (Docket No. 359481).

defendant had failed to establish that his 2004 conviction was obtained in violation of his right to counsel.

## II. ANALYSIS

Defendant argues that he is entitled to resentencing because the trial court incorrectly assessed points for PRVs 1, 2, 5, and 6 when it considered defendant's 2004 conviction that was obtained in violation of his right to counsel. We disagree.

Whether a defendant is entitled to resentencing is a legal question that we review de novo. *People v Latham*, 334 Mich App 501, 505; 965 NW2d 248 (2020). Generally, "[u]nder the sentencing guidelines, a trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Abbott (On Remand)*, 330 Mich App 648, 654; 950 NW2d 478 (2019). "Clear error exists when we are left with a definite and firm conviction that a mistake was made." *Id*.

### A. PRVS 1-5

MCL 777.50, the "10-year-gap rule," applies to the scoring of PRVs 1 through 5, and it "addresses the question whether a defendant's prior criminal history should be considered *at all* because of a period of time spent as a law-abiding citizen." *People v Butler*, 315 Mich App 546, 551-552; 892 NW2d 6 (2016). MCL 777.50 states, in relevant part:

> (1) In scoring prior record variables 1 to 5, do not use any conviction or juvenile adjudication that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication.

> (2) Apply subsection (1) by determining the time between the discharge date for the prior conviction or juvenile adjudication most recently preceding the commission date of the sentencing offense. If it is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and determine the time between the commission date of that prior conviction and the discharge date of the next earlier prior conviction or juvenile adjudication. If that period is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and repeat this determination for each remaining prior conviction or juvenile adjudication until a period of 10 or more years is found or no prior convictions or juvenile adjudications remain.

> (3) If a discharge date is not available, add either the time defendant was sentenced to probation or the length of the minimum incarceration term to the date of the conviction and use that date as the discharge date.

"Thus, if a 10-year gap between convictions exists so as to trigger the provisions of MCL 777.50, prior convictions of all sorts will be ignored: prior high-severity felonies (PRV 1), prior low-severity felonies (PRV 2) . . . , [and] prior misdemeanors (PRV 5)." *Butler*, 315 Mich App at 551 (footnotes omitted).

When a trial court assesses points for PRVs, it cannot use a conviction that was obtained in violation of the defendant's right to counsel. *US v Tucker*, 404 US 443, 449; 92 S Ct 589; 30 L Ed 2d 592 (1972). See also *Gideon v Wainwright*, 372 US 335, 339-345; 83 S Ct 792; 9 L Ed 2d 799 (1963) (stating that criminal defendants in state court have a right to counsel under the Sixth and Fourteenth Amendments). A trial court may not use a prior misdemeanor conviction that resulted in actual imprisonment to enhance a defendant's new sentence, unless the defendant had or waived counsel for the prior conviction. *People v Reichenbach*, 459 Mich 109, 125-127; 587 NW2d 1 (1998). If a trial court uses a defendant's prior conviction to enhance the defendant's sentence, and the prior conviction was obtained in violation of the defendant's right to counsel, the defendant may collaterally challenge the prior conviction. *People v Carpentier*, 446 Mich 19, 29-30; 521 NW2d 195 (1994). "Collateral attacks encompass those challenges raised other than by initial appeal of the conviction in question." *People v Ingram*, 439 Mich 288, 291 n 1; 484 NW2d 241 (1992).

When a defendant collaterally attacks a prior conviction, the defendant "bears the initial burden of establishing that the conviction was obtained without counsel or a proper waiver of counsel." *People v Love*, 214 Mich App 296, 299; 542 NW2d 374 (1995). A defendant can satisfy his burden in one of two ways: (1) present "prima facie proof . . . such as a docket entry showing the absence of counsel or a transcript evidencing the same"; or (2) "present evidence that he requested such records from the sentencing court and that the court either (a) failed to reply to the request, or (b) refused to furnish copies of the records, within a reasonable time." *Id*. at 299-300 (quotation marks and citations omitted). After the defendant meets his burden, the burden shifts to "the prosecutor to establish the constitutional validity of the prior conviction." *Id*. at 300 (quotation marks and citations omitted). The Michigan Supreme Court has held that there is a "presumption of regularity" regarding prior convictions, and the presumption is important "for assuring the finality of judgments[] and conserving scarce judicial resources." *Carpentier*, 446 Mich at 37.

In this case, defendant has failed to properly establish that his 2004 conviction was entered in violation of his constitutional right to counsel. The court that handled defendant's 2004 conviction informed defendant that the audio log no longer exists because the court's logs only go back 10 years. But defendant cannot use the court's expungement of the audio log to meet his burden. See *Carpentier*, 446 Mich at 34-35 (holding that the defendant did not meet his burden of proof when the sentencing court responded to the defendant's request for records of the defendant's prior conviction and informed the defendant that the records had been properly expunged).

Defendant argues that the register of actions and presentence investigation report (PSIR) are prima facie evidence that defendant did not have counsel because neither document indicates that defendant had counsel. However, the register of actions for the 2004 conviction does not indicate whether defendant received, waived, or was offered counsel when he entered his plea. The mere silence regarding counsel in the register of actions is not the equivalent of the prima facie proof required by *Carpentier*. See *People v Zinn*, 217 Mich App 340, 344; 551 NW2d 704

(1996). But while it is unclear from the register of actions whether defendant had an attorney present for his plea in the 2004 conviction, the PSIR for defendant's current conviction indicated that his attorney was not present. However, an indication that defendant's counsel was not present could mean that defendant waived his right to counsel, or that counsel was appointed and defendant waived the right to have counsel present during certain proceedings. There is simply no way to tell.

Because the trial court that entered the 2004 conviction responded to defendant's request for records and properly expunged the records, and because defendant failed to present prima facie proof that his 2004 conviction was obtained in violation of his right to counsel, defendant has not satisfied his burden. Therefore, a 10-year gap did not exist between defendant's convictions, and the trial court did not commit clear error when it considered defendant's prior convictions to assess points for PRVs 1 through 5.

## B. PRV 6

Defendant argues that the trial court should not have assessed five points for PRV 6 because it was "premised on [defendant's] awaiting sentencing for the invalid 2004 DWLS" conviction. We disagree because, for the reasons discussed earlier, defendant's 2004 conviction was not invalid.

PRV 6 "is relationship to the criminal justice system." MCL 777.56(1). The sentencing court must assess five points if "[t]he offender is on probation or delayed sentence status or on bond awaiting adjudication or sentencing for a misdemeanor." MCL 777.56(1)(d). The sentencing court must assess zero points if "[t]he offender has no relationship to the criminal justice system." MCL 777.56(1)(e).

In this case, the trial court sentenced defendant on March 16, 2021. Defendant was not sentenced for his 2004 conviction until July 26, 2021.[2] Because the 2004 conviction was valid, and defendant was awaiting sentencing for the misdemeanor conviction at the time he was sentenced in the current case, the trial court did not commit clear error when it assessed five points for PRV 6.

Affirmed.

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ Christopher P. Yates

---

[2] Defendant was originally scheduled to be sentenced on June 8, 2004, but defendant failed to appear for his sentencing hearing, and the trial court issued a bench warrant. After defendant was sentenced for the current offense, he learned of the outstanding bench warrant and contacted the court to resolve it.