*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
January 25, 2024

v

JEREMY SCOTT DUNKLEE,

        Defendant-Appellant.

No. 363986
Barry Circuit Court
LC No. 2022-000409-FH

Before: REDFORD, P.J., and RIORDAN and FEENEY, JJ.

PER CURIAM.

Defendant appeals by right the sentence imposed after his jury convictions of one count of third-degree arson, MCL 750.74; one count of malicious destruction of fire or police property, MCL 750.377b; and one count of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to serve 120 to 480 months for his third-degree arson conviction, 120 to 180 months for his malicious destruction conviction, and 120 to 180 months for his conviction of resisting a police officer. Defendant argues on appeal (1) that he was not criminally responsible for the charges and that defense counsel was ineffective by failing to ensure that defendant had a criminal-responsibility evaluation, (2) that the trial court erred when it sentenced defendant as a fourth-offense habitual offender and that defense counsel was ineffective by failing to object at sentencing, and (3) that defendant's Presentence Investigation Report (PSIR) and Sentencing Information Report (SIR) contained errors that violated defendant's constitutional rights. For reasons explained in this opinion, we affirm defendant's convictions and sentence but remand so that the trial court may correct the clerical errors in defendant's PSIR and SIR.

## I. BASIC FACTS

This case arose out of an incident that occurred when defendant set fire to a police vehicle in a police department parking lot. A police officer who was present at the scene pursued defendant across the street to an Ace Hardware parking lot. At the end of the chase, a truck pulled out in front of defendant, enabling the pursuing officer to catch defendant. Defendant's continued to resist the officer's attempts to subdue him; two other people who were present at the scene had to

-1-

hold defendant down on the ground as the officer handcuffed defendant. The officer sustained minor facial injuries during the struggle.

## II. ANALYSIS

### A. CRIMINAL-RESPONSIBILITY EVALUATION

Defendant first argues that he was not criminally responsible for the charges and that defense counsel was ineffective by failing to ensure that defendant had a criminal-responsibility evaluation.

Defendant refused to participate in his first criminal-responsibility evaluation at the Center for Forensic Psychiatry on April 28, 2022 and he attended but failed to participate in his first criminal-responsibility evaluation, and he never requested a second psychological evaluation. Therefore, this issue is not preserved for appellate review. See *People v Anderson*, 341 Mich App 272, 279; 989 NW2d 832 (2022). Unpreserved claims of error are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764-765, 774; 597 NW2d 130 (1999). To avoid forfeiture on appeal under the plain-error standard, the appellant must show three things: "1) [an] error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763.

Further, in order to preserve the issue of effective assistance of counsel for appellate review, the defendant should move for a new trial or for an evidentiary hearing. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000). Defendant moved for a remand in this Court, arguing that trial counsel was ineffective by failing to ensure that defendant had a second opportunity to participate in a criminal-responsibility evaluation. Although this Court denied the motion,[1] this issue is preserved to the extent that defendant's claim is supported by the trial court record. See *id*. at 658-659; see also *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020); *People v Jackson*, 292 Mich App 583, 600; 808 NW2d 541 (2011).

Before defendant's trial, the trial court issued an order for defendant to participate in a competency examination. See MCL 768.20a(2). The examiner determined that defendant was competent to stand trial at the time of the evaluation. He reached this conclusion despite defendant refusing to participate in the interview or speak with the examiner regarding "queries about his psychosocial history and legal case." Defendant also refused to answer questions regarding his recent functioning, such as his mood, appetite, or sleep. Lastly, defendant refused to answer questions regarding his knowledge of the charges against him, the legal circumstances, his interactions with his attorney, or his account of his alleged conduct. The evaluating psychologist noted, however, the "aggregate data" suggesting defendant had recurrent exposure to the legal system, defendant was deemed appropriate for general population in jail, his thought processes were clear, his jail records indicated clinically unremarkable behavior, speech and affect, and his presentation during the forensic interview revealed no acute clinical concerns. Given the absence

---

[1] *People v Dunklee*, unpublished order of the Court of Appeals, entered July 19, 2023 (Docket No. 363986).

of an "overtly impending mental condition," the examiner concluded that defendant "can critically evaluate information and make rational legal decisions if he *chooses*" (emphasis in original).

According to defendant's mother, defendant's family had a history of depression and bipolar disorder. Although defendant had not been formerly diagnosed with any mental illness or issues, defendant's mother was concerned for his mental health because he would go through episodes of paranoia about governmental conspiracies against him. The mother said that defendant's substance abuse triggered and worsened these episodes.

"Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v Kentucky*, 476 US 683, 690; 106 S Ct 2142; 90 L Ed 2d 636 (1986) (quotation marks and citations omitted). "There is no question that a criminal defendant has a state and federal constitutional right to present a defense." *People v Hayes*, 421 Mich 271, 278; 364 NW2d 635 (1984).

## 1.  DEFENDANT FORFEITED HIS RIGHT TO AN INSANITY DEFENSE

Legal insanity is an affirmative defense that requires proof that, because of "mental illness or being mentally retarded as defined in the mental health code, the defendant lacked 'substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or conform his or her conduct to the requirements of the law.' " *People v Carpenter*, 464 Mich 223, 230-231; 627 NW2d 276 (2001), quoting MCL 768.21a(1). A defendant bears the burden of proving insanity by a preponderance of the evidence. *Carpenter*, 464 Mich at 231, citing MCL 768.21a(3).

If a defendant fails to "fully cooperate" with the court-directed or independent examinations, he or she may not present testimony at trial relating to an insanity defense. MCL 768.20a(4); see also *People v Toma*, 462 Mich 281, 292 n 6; 613 NW2d 694 (2000). The Michigan Supreme Court has stated that the Legislature's purpose was to give the psychologist "the full cooperation necessary" to conduct a proper psychological evaluation to determine a defendant's "insanity, mental illness, or mental retardation." *Hayes*, 421 Mich at 286. The trier of fact does not have "unstructured and unlimited discretion to determine whether impermissible conduct occurred." *Id*. Nevertheless, a defendant's noncooperation must be established "to the trial court's satisfaction . . . on a case-by-case basis." *Id*. Although the Michigan Supreme Court has not made this explicitly clear, it has suggested that a defendant's refusal to answer an examiner's questions could constitute uncooperative conduct for purposes of an insanity defense. See *People v Wright*, 431 Mich 282, 314 n 13; 430 NW2d 133 (1988).

In his pretrial evaluation, defendant refused to participate in the interview or speak with the examiner regarding "queries about his psychosocial history and legal case." Defendant also refused to answer questions regarding his knowledge of the charges against him, the legal circumstances, his interactions with his attorney, or his account of his alleged conduct. Despite defendant's uncooperative demeanor, the examiner determined that defendant was competent to stand trial. Overall, defendant has failed to prove that he was criminally incompetent.

Defendant has not presented evidence that he was unable to appreciate the nature, seriousness, or wrongfulness of his conduct or that he was unable to conform his conduct to lawful requirements. See *Carpenter*, 464 Mich at 230-231. Defendant's mother stated that defendant suffered from paranoia regarding alleged government conspiracies and that defendant's family had a history of depression and bipolar disorder. She also testified that defendant's drug abuse worsened these episodes of paranoia. Notably, the fact that defendant fled from a police officer indicates that he understood the gravity and criminality of his conduct. Also, the fact that defendant asked the officer if she knew who he was indicates that he recognized her. The officer confirmed that she had previously arrested defendant. She also stated that she was in uniform when she pursued defendant. Together, these facts strongly support the assertion that defendant knew exactly what was happening when he resisted the police officer.

Moreover, nothing in defendant's long history of criminal conduct, which stretches back to his adolescent years, suggests that he was unable to appreciate the seriousness of his actions. Given the repetitive nature of defendant's conduct, including his multiple convictions of resisting a police officer, defendant's criminal history indicates apathy, not insanity. Defendant denied having a history of mental treatment, symptoms, or pertinent medical concerns. Physically speaking, defendant was, by all accounts, a healthy man.

Because defendant has failed to present any evidence of insanity that would overturn his conviction at trial and given his uncooperative conduct at the original criminal-responsibility evaluation, defendant forfeited his right to an insanity defense.

## 2. DEFENSE COUNSEL WAS NOT INEFFECTIVE

Defendant was not deprived of his right to effective assistance of counsel when defense counsel failed to request a second phycological evaluation.

This Court has stated that, "[t]o establish ineffective assistance of counsel, defendant must show (1) that defense counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's errors, a different outcome would have resulted." *Jackson*, 292 Mich App at 600-601. Effective assistance of counsel is strongly presumed, and the party claiming ineffectiveness must overcome this presumption. *People v Horn*, 279 Mich App 31, 37 n 2; 755 NW2d 212 (2008). The United States Supreme Court has stated that, when examining the effectiveness of counsel, reviewing courts must apply "a heavy measure of deference to counsel's judgments." *Strickland v Washington*, 466 US 668, 691; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

Defendant failed to satisfy the first prong to show ineffective assistance because defense counsel's conduct did not fall below an objective standard of reasonableness. See *Jackson*, 292 Mich App at 601. Defendant's failure to cooperate with the initial psychological evaluation rendered his insanity defense invalid. "Trial counsel is not ineffective for failing to advocate a meritless position." *People v Payne*, 285 Mich App 181, 191; 774 NW2d 714 (2009). Defendant has failed to present sufficient evidence to establish a reasonable probability that, had defense counsel requested a second psychological evaluation, he would have participated and the jury would have found defendant not guilty by reason of insanity. See *Jackson*, 292 Mich App at 601. Beyond statements from defendant's mother regarding defendant's episodes of paranoia and his

-4-

family's history of depression and bipolar disorder, defendant submitted no additional evidence to show that defendant was insane when he set fire to the car, when he resisted the police officer, or during his original psychological evaluation. By his own admission, defendant never suffered from mental illness.

For these reasons, defendant has failed to meet his burden of proof that defense counsel was ineffective.

## B. SENTENCING AS A FOURTH-OFFENSE HABITUAL OFFENDER

Defendant next argues that the trial court erred when it sentenced him as a fourth-offense habitual offender and that defense counsel was ineffective by failing to object at sentencing.

Defendant never objected to being sentenced as a fourth-offense habitual offender. Therefore, this issue is not preserved for appellate review. See *Anderson*, 341 Mich App at 279. As stated earlier, unpreserved claims of error are reviewed for plain error affecting substantial rights. *Carines*, 460 Mich at 764-765, 774. Defendant asked this Court to remand, arguing that trial counsel was ineffective for failing to object at sentencing. As with the earlier issue, this issue is preserved to the extent that the trial court record supports defendant's claim. See *Sabin (On Second Remand)*, 242 Mich App at 658-659; see also *Abcumby-Blair*, 335 Mich App at 227; *Jackson*, 292 Mich App at 600.

The Legislature enacted laws for persons who commit repeated felonies. See MCL 769.10 through MCL 769.13. The purpose of these statutes is to deter repeat offenders via sentence enhancement. See *People v Brown*, 492 Mich 684, 689; 822 NW2d 208 (2012). The trial court must determine the existence of a defendant's prior conviction either at sentencing or at a presentencing hearing. MCL 769.13(5). Due process is satisfied if a defendant's sentence is passed on the basis of accurate information and if he or she had a reasonable opportunity to challenge the information at sentencing. *People v Zinn*, 217 Mich App 340, 347-348; 551 NW2d 704 (1996).

To be considered a fourth-offense habitual offender, a defendant must have been convicted "of any combination of [three] or more felonies or *attempts to commit felonies*." MCL 769.12(1) (emphasis added). The term "felony," as defined in the Code of Criminal Procedure, MCL 760.1 *et seq*., means "a violation of a penal law of this state for which the offender, upon conviction, may be punished by imprisonment for more than [one] year or an offense expressly designated by law to be a felony." MCL 761.1(f). Moreover, because the Code of Criminal Procedure generally relates to the same things as the Penal Code, MCL 750.1 *et seq*., both codes must be read *in pari materia*. See *People v Smith*, 423 Mich 427, 442; 378 NW2d 384 (1985). MCL 750.81d defines the crime of resisting a police officer as a felony, punishable by more than one year in prison. Therefore, a conviction of resisting a police officer qualifies as a felony conviction for purposes of a sentence enhancement. See MCL 769.12(1).

Certain misdemeanors may be considered felonies for purposes of enhancement under the habitual-offender statutes. *Smith*, 423 Mich at 435, 445, 465 n 2. The Michigan Supreme Court has stated that the Legislature was also clear regarding its intent that offenses punishable by more than one-year of imprisonment should be treated as felonies for purposes of sentence

enhancements. *Id*. at 445. Therefore, a defendant's prior misdemeanor convictions that resulted in sentences exceeding one year may qualify as felonies under the habitual-offender statutes. *Id*. at 446. Additionally, MCL 769.12(1) clearly states that "attempts to commit felonies" satisfy the prior-offense requirements with regard to sentence enhancements.

Resisting a police officer is a felony, MCL 750.81d, and therefore, a defendant's prior convictions of attempted resisting a police officer are *attempted* felonies. See MCL 769.12(1). Therefore, the trial court did not err when it sentenced defendant as a fourth-offense habitual offender. Additionally, defense counsel was not ineffective for failing to object to the trial court's use of the sentence enhancement because defendant's position on this issue was meritless. See *Payne*, 285 Mich App at 191.

## C. CORRECTIONS OF SIR AND PSIR

Lastly, defendant argues that his presentence investigation report (PSIR) and sentencing information report (SIR) contained errors that violated his constitutional rights.

Defendant never objected to the PSIR or SIR at sentencing. Therefore, this issue is not preserved for appellate review. See *Anderson*, 341 Mich App at 279. As stated, unpreserved claims of error are reviewed for plain error affecting substantial rights. *Carines*, 460 Mich at 764-765, 774.

This Court has acknowledged that the Department of Corrections makes " '[c]ritical decisions . . . regarding a defendant's status based on the information contained in the presentence investigation report.' " *People v Uphaus (On Remand)*, 278 Mich App 174, 182; 748 NW2d 899 (2008) (quotation marks and citation omitted; first alteration in original). Therefore, "the PSIR 'should accurately reflect any determination the sentencing judge has made concerning the accuracy or relevancy of the information contained in the report.' " *Id*. (quotation marks and citation omitted).

Both the PSIR and the SIR contain errors that should be corrected. At sentencing, the trial court assigned defendant zero points under PRV 2 and 20 points under PRV 5, given that defendant's three prior convictions of resisting a police officer were misdemeanors, not felonies. See MCL 777.52(1); MCL 777.55(1). These changes reduced defendant's total PRV score from 40 to 50 points. The changes also reduced defendant's guidelines range from 38 to 152 months to 34 to 134 months. See MCL 777.65. Unfortunately, these changes were not reflected on defendant's SIR sheet. As for the PSIR, the cover sheet states that defendant committed three prior felonies. It is undisputed that all of defendant's prior offenses constituted misdemeanors, not felonies.

The errors in the PSIR and SIR are clerical. See MCR 6.435(A). The trial court acknowledged that defendant's prior offenses consisted only of misdemeanors and that defendant should have been assigned only 40 points under the PRVs. In accordance with our prior decisions, we remand this case so that the trial court can amend the PSIR and send an updated copy to the Department of Corrections. See *People v Harris*, 190 Mich App 652, 662; 476 NW2d 767 (1991); see also MCL 771.14.

Affirmed and remanded.  We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Kathleen A. Feeney